Mike McKool, Jr. (*pro hac vice* application filed)
Douglas Cawley (*pro hac vice* application filed)
McKOOL SMITH P.C.
300 Crescent Court
Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
Email: mmckool@mckoolsmith.com;
dcawley@mckoolsmith.com

Scott L. Cole (*pro hac vice* application filed)
Pierre J. Hubert (*pro hac vice* application filed)
Craig N. Tolliver (*pro hac vice* application filed)
McKOOL SMITH P.C.
300 W. 6th Street
Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
Email: scole@mckoolsmith.com;
phubert@mckoolsmith.com;
ctolliver@mckoolsmith.com

Julie S. Turner (State Bar No. 191146)
THE TURNER LAW FIRM
344 Tennessee Lane
Palo Alto, California 94306
Telephone: (650) 494-1530
Facsimile: (650) 472-8028
Email: jturner@julieturnerlaw.com

Attorneys for Plaintiff
RAMBUS INC.

**FILED**

2008 JUL 10 P 3: 26

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No. C 08 03343 JCS <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Complaint for Patent Infringement
and Jury Demand

Plaintiff Rambus Inc. states the following as its Complaint against defendant NVIDIA Corporation.

### THE PARTIES

1. Rambus Inc. ("Rambus") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Los Altos, California. Rambus is a technology leader in developing memory interface solutions that enable higher performance and system bandwidth for a broad range of electronic, computing and networking applications for consumers and businesses. Rambus's interface products and technology enable state-of-the-art performance for users of PCs, video game consoles, printers, digital TVs, set-top boxes, video projectors, network switches and routers.

2. Upon information and belief, defendant NVIDIA Corporation ("NVIDIA" or "Defendant") is a corporation organized and existing under the laws of Delaware, with its headquarters located at 2701 San Tomas Expressway, Santa Clara, California, 95050. Upon information and belief, NVIDIA transacts substantial business, either directly or through its agent, on an ongoing basis in this judicial district and elsewhere in the United States.

3. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendant.

### NATURE OF THE ACTION

4. This is an action for patent infringement.

5. On information and belief, NVIDIA has been and is infringing, contributing to the infringement of, and/or actively inducing others to infringe Rambus' U.S. Patent No. 7,209,997 ("the '997 Patent"), U.S. Patent No. 6,751,696 ("the '696 Patent"), U.S. Patent No. 6,564,281 ("the '281 Patent"), U.S. Patent No. 6,496,897 ("the '897 Patent"), U.S. Patent No. 6,493,789 ("the '789 Patent"), U.S. Patent No. 6,470,405 ("the '405 Patent"), U.S. Patent No. 7,287,109 ("the '109 Patent"), U.S. Patent No. 7,330,952 ("the '952 Patent"), U.S. Patent No. 7,330,953 ("the '953 Patent"), U.S. Patent No. 7,360,050 ("the '050 Patent"), U.S. Patent No. 7,287,119 ("the '119 Patent"), U.S. Patent No. 7,210,016 ("the '016 Patent"), U.S. Patent No. 7,177,998 ("the '998 Patent"), U.S. Patent No. 6,591,353 ("the '353 Patent"), U.S. Patent No. 6,260,097

Complaint for Patent Infringement
and Jury Demand

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

("the '097 Patent"), U.S. Patent No. 6,304,937 ("the '937 Patent") and/or U.S. Patent No. 6,715,020 ("the '020 Patent"). The patents identified in this paragraph are referred to herein as the "Rambus Patents."

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and in this judicial district, and has been infringing, contributing to the infringement of and/or actively inducing others to infringe the Rambus Patents as alleged below.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because, upon information and belief, a substantial part of the events giving rise to Rambus' claims occurred in the Northern District of California and because Defendant is either resident in or otherwise subject to personal jurisdiction in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9. Assignment of this action on a district-wide basis is appropriate because this is an Intellectual Property Action. Assignment to the San Jose Division of the U.S. District Court for the Northern District of California would be appropriate because a substantial part of the events and damages giving rise to the action occurred in the San Jose Division, because Rambus's principal place of business is located in Santa Clara County within the San Jose Division, and because defendant NVIDIA's headquarters is located in Santa Clara County within the San Jose Division.

## FACTUAL BACKGROUND

10. Rambus is one of the world's leading designers of memory interface technologies used in computers, consumer electronics and network systems. Rambus licenses its technologies

-3-

Complaint for Patent Infringement
and Jury Demand

1  to various customers, who then incorporate them into various products, including memory
2  controllers, memory components, memory modules and memory systems.

3      11.    Upon information and belief, NVIDIA has made, used, sold, imported and/or
4  offered for sale, and/or continues to make, use, sell, import and/or offer for sale, products in the
5  United States consisting of or including SDR (Single Data Rate) memory controllers, DDR
6  (Double Data Rate) memory controllers, DDRx memory controllers (where DDRx includes at
7  least DDR2 and DDR3), GDDR (Graphics Double Data Rate) memory controllers, and/or
8  GDDRy memory controllers (where GDDRy includes at least GDDR3) (collectively "Accused
9  Products"). Accused Products include chipsets, graphics processors, media communication
10  processors, multimedia applications processors and/or products that are part of NVIDIA's
11  "GeForce," "Quadro," "nForce," "Tesla," "Tegra" and/or "GoForce" product lines.

12      12.    On April 24, 2007, U.S. Patent No. 7,209,997, entitled "Controller Device and
13  Method for Operating Same," was duly and legally issued to Rambus, as assignee of the
14  inventors named therein. A true and correct copy of the '997 Patent is attached as Exhibit A and
15  incorporated herein by reference.

16      13.    On June 15, 2004, U.S. Patent No. 6,751,696, entitled "Memory Device Having a
17  Programmable Register," was duly and legally issued to Rambus, as assignee of the inventors
18  named therein. A true and correct copy of the '696 Patent is attached as Exhibit B and
19  incorporated herein by reference.

20      14.    On May 13, 2003, U.S. Patent No. 6,564,281, entitled "Synchronous Memory
21  Device Having Automatic Precharge," was duly and legally issued to Rambus, as assignee of the
22  inventors named therein. A true and correct copy of the '281 Patent is attached as Exhibit C and
23  incorporated herein by reference.

24      15.    On December 17, 2002, U.S. Patent No. 6,496,897, entitled "Semiconductor
25  Memory Device Which Receives Write Masking Information," was duly and legally issued to
26  Rambus, as assignee of the inventors named therein. A true and correct copy of the '897 Patent
27  is attached as Exhibit D and incorporated herein by reference.
28

-4-

Complaint for Patent Infringement
and Jury Demand

16. On December 10, 2002, U.S. Patent No. 6,493,789, entitled "Memory Device Which Receives Write Masking and Automatic Precharge Information," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '789 Patent is attached as Exhibit E and incorporated herein by reference.

17. On October 22, 2002, U.S. Patent No. 6,470,405, entitled "Protocol for Communication with Dynamic Memory," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '405 Patent is attached as Exhibit F and incorporated herein by reference.

18. On October 23, 2007, U.S. Patent No. 7,287,109, entitled "Method of Controlling a Memory Device Having a Memory Core," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '109 Patent is attached as Exhibit G and incorporated herein by reference.

19. On February 12, 2008, U.S. Patent No. 7,330,952, entitled "Integrated Circuit Memory Device Having Delayed Write Timing Based on Read Response Time," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '952 Patent is attached as Exhibit H and incorporated herein by reference.

20. On February 12, 2008, U.S. Patent No. 7,330,953, entitled "Memory System Having Delayed Write Timing," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '953 Patent is attached as Exhibit I and incorporated herein by reference.

21. On April 15, 2008, U.S. Patent No. 7,360,050, entitled "Integrated Circuit Memory Device Having Delayed Write Capability," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '050 Patent is attached as Exhibit J and incorporated herein by reference.

22. On October 23, 2007, U.S. Patent No. 7,287,119, entitled "Integrated Circuit Memory Device with Delayed Write Command Processing," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '119 Patent is attached as Exhibit K and incorporated herein by reference.

23. On April 24, 2007, U.S. Patent No. 7,210,016, entitled "Method, System and Memory Controller Utilizing Adjustable Write Data Delay Settings," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '016 Patent is attached as Exhibit L and incorporated herein by reference.

24. On February 13, 2007, U.S. Patent No. 7,177,998, entitled "Method, System and Memory Controller Utilizing Adjustable Read Data Delay Settings," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '998 Patent is attached as Exhibit M and incorporated herein by reference.

25. On July 8, 2003, U.S. Patent No. 6,591,353, entitled "Protocol for Communication with Dynamic Memory," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '353 Patent is attached as Exhibit N and incorporated herein by reference.

26. On July 10, 2001, U.S. Patent No. 6,260,097, entitled "Method and Apparatus for Controlling a Synchronous Memory Device," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '097 Patent is attached as Exhibit O and incorporated herein by reference.

27. On October 16, 2001, U.S. Patent No. 6,304,937, entitled "Method of Operation of a Memory Controller," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '937 Patent is attached as Exhibit P and incorporated herein by reference.

28. On March 30, 2004, U.S. Patent No. 6,715,020, entitled "Synchronous Integrated Circuit Device," was duly and legally issued to Rambus, as assignee of the inventors named therein. A true and correct copy of the '020 Patent is attached as Exhibit Q and incorporated herein by reference.

29. At all relevant times, Rambus has been the owner of the entire right, title, and interest in each of the Rambus Patents.

Complaint for Patent Infringement
and Jury Demand

30. Rambus is entitled to recover from Defendant the actual damages sustained by Rambus as a result of Defendant's wrongful acts alleged herein under 35 U.S.C. § 284 in an amount to be proven at trial, together with interest and costs.

31. Upon information and belief, Defendant's infringement of the Rambus Patents as set forth herein has been and is willful, deliberate and in disregard of Rambus' patent rights, and Rambus is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

32. Defendant's infringement of the Rambus Patents will continue to damage Rambus, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

**COUNT I**
**(Patent Infringement of U.S. Patent No. 7,209,997**
**Under 35 U.S.C. § 271, *et. seq.*)**

33. Rambus incorporates by reference and realleges paragraphs 1 through 32 above as though fully restated herein.

34. Upon information and belief, Defendant (1) has infringed and continues to infringe the '997 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least SDR, DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '997 Patent, and/or has actively induced and continues to actively induce others to infringe the '997 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

**COUNT II**
**(Patent Infringement of U.S. Patent No. 6,751,696**
**Under 35 U.S.C. § 271, *et. seq.*)**

35. Rambus incorporates by reference and realleges paragraphs 1 through 34 above as though fully restated herein.

Complaint for Patent Infringement
and Jury Demand

36. Upon information and belief, Defendant (1) has infringed and continues to infringe the '696 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '696 Patent, and/or has actively induced and continues to actively induce others to infringe the '696 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT III
### (Patent Infringement of U.S. Patent No. 6,564,281
### Under 35 U.S.C. § 271, *et. seq.*)

37. Rambus incorporates by reference and realleges paragraphs 1 through 36 above as though fully restated herein.

38. Upon information and belief, Defendant (1) has infringed and continues to infringe the '281 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least SDR, DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '281 Patent, and/or has actively induced and continues to actively induce others to infringe the '281 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT IV
### (Patent Infringement of U.S. Patent No. 6,496,897
### Under 35 U.S.C. § 271, *et. seq.*)

39. Rambus incorporates by reference and realleges paragraphs 1 through 38 above as though fully restated herein.

40. Upon information and belief, Defendant (1) has infringed and continues to infringe the '897 Patent, literally and/or under the doctrine of equivalents, by making, using,

Complaint for Patent Infringement
and Jury Demand

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

1  offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused
2  Products consisting of or including at least DDR, DDR2, DDR3, GDDR and/or GDDR3 memory
3  controllers, in this district and elsewhere in the United States, and/or (2) has contributed and
4  continues to contribute to the literal infringement and/or infringement under the doctrine of
5  equivalents of the '897 Patent, and/or has actively induced and continues to actively induce
6  others to infringe the '897 Patent, literally and/or under the doctrine of equivalents, in this
7  district and elsewhere in the United States.

### COUNT V
(Patent Infringement of U.S. Patent No. 6,493,789
Under 35 U.S.C. § 271, et. seq.)

10  41.  Rambus incorporates by reference and realleges paragraphs 1 through 40 above as
11  though fully restated herein.

12  42.  Upon information and belief, Defendant (1) has infringed and continues to
13  infringe the '789 Patent, literally and/or under the doctrine of equivalents, by making, using,
14  offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused
15  Products consisting of or including at least DDR, DDR2, DDR3, GDDR and/or GDDR3 memory
16  controllers, in this district and elsewhere in the United States, and/or (2) has contributed and
17  continues to contribute to the literal infringement and/or infringement under the doctrine of
18  equivalents of the '789 Patent, and/or has actively induced and continues to actively induce
19  others to infringe the '789 Patent, literally and/or under the doctrine of equivalents, in this
20  district and elsewhere in the United States.

### COUNT VI
(Patent Infringement of U.S. Patent No. 6,470,405
Under 35 U.S.C. § 271, et. seq.)

23  43.  Rambus incorporates by reference and realleges paragraphs 1 through 42 above as
24  though fully restated herein.

25  44.  Upon information and belief, Defendant (1) has infringed and continues to
26  infringe the '405 Patent, literally and/or under the doctrine of equivalents, by making, using,
27  offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused
28  Products consisting of or including at least DDR2, DDR3 and/or GDDR3 memory controllers, in

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

-9-

Complaint for Patent Infringement
and Jury Demand

this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '405 Patent, and/or has actively induced and continues to actively induce others to infringe the '405 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VII
(Patent Infringement of U.S. Patent No. 7,287,109
Under 35 U.S.C. § 271, *et. seq.*)

45. Rambus incorporates by reference and realleges paragraphs 1 through 44 above as though fully restated herein.

46. Upon information and belief, Defendant (1) has infringed and continues to infringe the '109 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR2, DDR3 and/or GDDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '109 Patent, and/or has actively induced and continues to actively induce others to infringe the '109 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VIII
(Patent Infringement of U.S. Patent No. 7,330,952
Under 35 U.S.C. § 271, *et. seq.*)

47. Rambus incorporates by reference and realleges paragraphs 1 through 46 above as though fully restated herein.

48. Upon information and belief, Defendant (1) has infringed and continues to infringe the '952 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR2 and/or DDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '952

-10-

Complaint for Patent Infringement
and Jury Demand

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Patent, and/or has actively induced and continues to actively induce others to infringe the '952 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### COUNT IX
(Patent Infringement of U.S. Patent No. 7,330,953
Under 35 U.S.C. § 271, *et. seq.*)

49. Rambus incorporates by reference and realleges paragraphs 1 through 48 above as though fully restated herein.

50. Upon information and belief, Defendant (1) has infringed and continues to infringe the '953 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR2 and/or DDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '953 Patent, and/or has actively induced and continues to actively induce others to infringe the '953 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### COUNT X
(Patent Infringement of U.S. Patent No. 7,360,050
Under 35 U.S.C. § 271, *et. seq.*)

51. Rambus incorporates by reference and realleges paragraphs 1 through 50 above as though fully restated herein.

52. Upon information and belief, Defendant (1) has infringed and continues to infringe the '050 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR2 and/or DDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '050 Patent, and/or has actively induced and continues to actively induce others to infringe the '050

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

-11-

Complaint for Patent Infringement
and Jury Demand

Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XI
(Patent Infringement of U.S. Patent No. 7,287,119
Under 35 U.S.C. § 271, *et. seq.*)

53. Rambus incorporates by reference and realleges paragraphs 1 through 52 above as though fully restated herein.

54. Upon information and belief, Defendant (1) has infringed and continues to infringe the '119 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR2 and/or DDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement or infringement under the doctrine of equivalents of the '119 Patent, and/or has actively induced and continues to actively induce others to infringe the '119 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XII
(Patent Infringement of U.S. Patent No. 7,210,016
Under 35 U.S.C. § 271, *et. seq.*)

55. Rambus incorporates by reference and realleges paragraphs 1 through 54 above as though fully restated herein.

56. Upon information and belief, Defendant (1) has infringed and continues to infringe the '016 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement or infringement under the doctrine of equivalents of the '016 Patent, and/or has actively induced and continues to actively induce others to infringe the '016 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

-12-

Complaint for Patent Infringement and Jury Demand

### COUNT XIII
**Infringement of U.S. Patent No. 7,177,998
Under 35 U.S.C. § 271, *et. seq.*)**

57. Rambus incorporates by reference and realleges paragraphs 1 through 56 above as though fully restated herein.

58. Upon information and belief, Defendant (1) has infringed and continues to infringe the '998 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '998 Patent, and/or has actively induced and continues to actively induce others to infringe the '998 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### COUNT XIV
**Infringement of U.S. Patent No. 6,591,353
Under 35 U.S.C. § 271, *et. seq.*)**

59. Rambus incorporates by reference and realleges paragraphs 1 through 58 above as though fully restated herein.

60. Upon information and belief, Defendant (1) has infringed and continues to infringe the '353 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR2, DDR3 and/or GDDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '353 Patent, and/or has actively induced and continues to actively induce others to infringe the '353 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Complaint for Patent Infringement and Jury Demand

## COUNT XV
### Infringement of U.S. Patent No. 6,260,097
### Under 35 U.S.C. § 271, *et. seq.*)

61. Rambus incorporates by reference and realleges paragraphs 1 through 60 above as though fully restated herein.

62. Upon information and belief, Defendant (1) has infringed and continues to infringe the '097 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers, in this district or elsewhere in the United States, and/or (2) has contributed and continues to contribute to literal infringement and/or infringement under the doctrine of equivalents of the '097 Patent, and/or has actively induced and continues to actively induce others to infringe the '097 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XVI
### Infringement of U.S. Patent No. 6,304,937
### Under 35 U.S.C. § 271, *et. seq.*)

63. Rambus incorporates by reference and realleges paragraphs 1 through 62 above as though fully restated herein.

64. Upon information and belief, Defendant (1) has infringed and continues to infringe the '937 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, or importing, directly and/or through intermediaries, Accused Products consisting of or including at least DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers, in this district or elsewhere in the United States, and/or (2) has contributed and continues to contribute to literal infringement and/or infringement under the doctrine of equivalents of the '937 Patent, and/or has actively induced and continues to actively induce others to infringe the '937 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Complaint for Patent Infringement and Jury Demand

-14-

### COUNT XVII
(Infringement of U.S. Patent No. 6,715,020
Under 35 U.S.C. § 271, *et. seq.*)

65. Rambus incorporates by reference and realleges paragraphs 1 through 64 above as though fully restated herein.

66. Upon information and belief, Defendant (1) has infringed and continues to infringe the '020 patent literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing, directly and/or through intermediaries, Accused Products consisting of and/or including at least SDR, DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers in this District and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '020 patent and/or has actively induced and continues to actively induce others to infringe the '020 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### PRAYER FOR RELIEF

WHEREFORE, Rambus asks this Court to enter judgment in its favor against NVIDIA and grant the following relief:

A. A declaration that NVIDIA has infringed and continues to infringe the Rambus Patents identified above;

B. An accounting of all damages sustained by Rambus as a result of NVIDIA's acts of infringement;

C. Payment to Rambus of actual damages adequate to compensate Rambus for NVIDIA's acts of infringement, together with prejudgment and postjudgment interest;

D. Payment to Rambus of enhanced damages, up to and including trebling of Rambus' damages pursuant to 35 U.S.C. § 284 for NVIDIA's willful infringement;

E. Payment of Rambus' costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 for the exceptional nature of this case, or as otherwise permitted by law;

-15-

Complaint for Patent Infringement
and Jury Demand

1  of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining
2  NVIDIA and of , servants, employees, principals, officers, attorneys, successors,
3  assignees, and who ive concert or participation with any of them, including related
4  individuals and entities, customers, representatives, OEMs, dealers, and distributors, from further
5  acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe
6  with respect to each of the Rambus Patents; and

7  her relief that this Court deems just and proper.

Respectfully submitted,

10  DATED: July 20

MCKOOL SMITH P.C.
THE TURNER LAW FIRM

By: /s/ Julie S. Turner
Julie S. Turner

Attorneys for Plaintiff
RAMBUS INC.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

## DEMAND FOR A JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil Local Rule 3-6, Rambus demands a trial by jury of all issues so triable in this matter.

Respectfully submitted,

DATED: July , 2008

MCKOOL SMITH P.C.
THE TURNER LAW FIRM

By: /s/ Julie S. Turner
Julie S. Turner

Attorneys for Plaintiff
RAMBUS INC.