I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
DEBORAH E. FISHMAN (STATE BAR NO. 197584)
dfishman@orrick.com
ROBERT W. RICKETSON (STATE BAR NO. 148481)
rricketson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    +1-650-614-7400
Facsimile:    +1-650-614-7401

J. PETER COLL (NY STATE BAR NO. 1479492) (*Pro Hac Vice Pending*)
pcoll@orrick.com
KAREN D. THOMPSON (NY STATE BAR NO. 4242814)
(*Pro Hac Vice Pending*)
kthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
Telephone:    +1-212-506-5000
Facsimile:    +1-212-506-5151

Attorneys for Defendant
NVIDIA Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMBUS, INC., | Case No.  C-08-03343 SI |
| Plaintiff, | **DEFENDANT NVIDIA CORPORATION'S MOTION TO DISMISS AND TO STRIKE, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** |
| v. | |
| NVIDIA CORPORATION, | |
| Defendant. | Date:       October 3, 2008<br>Time:       9:00 a.m.<br>Judge:      The Hon. Susan Illston |

**NOTICE OF MOTION**

**TO PLAINTIFF RAMBUS, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 3, 2008, at 9:00 A.M. or as soon thereafter as it may be heard, in Courtroom 10 of this Court, before the Honorable Susan Illston, defendant NVIDIA Corporation, pursuant to 12 (b) (6), 12 (f), and 12 (e) of the Federal Rules of Civil Procedure and N.D. Cal. Civil Local Rule 7, will and hereby does move for an order as follows:

1.  Dismissing plaintiff's claims for contributory patent infringement, inducing patent infringement, and willful patent infringement contained within each of the seventeen numbered counts of the First Amended Complaint;

2.  Striking the allegations of paragraph 31 and paragraphs D and E of the prayer for relief in the First Amended Complaint that seek recovery of treble damages and attorney fees;

3.  Alternatively, requiring plaintiff to submit a more definite statement pursuant to Rule 12 (e) of the Federal Rules of Civil Procedure.

This motion is based on the accompanying Memorandum, and all pleadings and papers that are of record and on file in this case.

## I.    INTRODUCTION

Rambus's First Amended Complaint[1] fails to plead facts to support a claim of indirect infringement or willful infringement. Rambus does not allege how NVIDIA could be liable for contributory or inducing infringement, let alone identify the additional parties necessary for it to prove an underlying act of direct infringement. Likewise, Rambus has failed to allege that NVIDIA knew or should have known that its activities had a high likelihood of infringing the asserted patents. Such facts are necessary to state a claim for indirect and willful infringement. Because Rambus's pleading is defective, Rambus cannot recover treble damages and attorney

---

[1] The First Amended Complaint was filed the same day as the initial complaint, and appears to be identical to it, except for the addition of the words "First Amended" in the caption. From the service copies received by NVIDIA, it appears that the amended complaint may have been filed for the purpose of adding the exhibits (copies of the patents-in-suit), which were omitted from the original complaint. The exhibits initially were not included in the e-filed version of the amended complaint either, but were recently added thereto. (See Docket No. 33)

1    fees.

2        Under well-established pleading standards, particularly as elucidated in *Bell Atlantic v.*

3    *Twombly*, 127 S. Ct. 1955 (2007), the "plain statement" requirement of Rule 8 does not excuse a

4    plaintiff from pleading sufficient facts to establish the "grounds" on which the claims rest. *Id.* at

5    1965 n.3.   Because Rambus has alleged *no* facts at all in support of its asserted legal conclusions

6    that NVIDIA is liable for contributory, induced, and willful infringement, those claims should be

7    dismissed, and Rambus's prayer for treble damages and attorney fees should be stricken.

8
9    **II.    FACTUAL BACKGROUND**

10       Rambus alleges that it is a "technology leader in developing memory interface solutions."

11   First Amended Complaint, ¶ 1.  Rambus does not contend that it manufactures or sells any

12   products, rather it alleges that it "licenses its technologies to various customers, who then

13   incorporate them into various products." *Id.* ¶10.

14       On July 10, 2008, Rambus sued NVIDIA.  The complaint alleges that six  NVIDIA

15   product lines infringe the claims of seventeen patents. The totality of the allegations of

16   infringement for each claim is substantively identical.  The allegations plead every legal theory of

17   infringement with no factual support whatsoever. Specifically, the complaint alleges, on

18   information and belief, that NVIDIA has infringed each of the patents-in-suit by:

19
20           (1) . . . making, using, offering to sell, selling, and/or importing,
     directly and/or through intermediaries, Accused Products consisting

21           of or including at least SDR, DDR, DDR2, DDR3, GDDR and/or
     GDDR3 memory controllers, in this district and elsewhere in the

22           United States, *and/or (2)  has contributed and continues to
     contribute to the literal infringement and/or infringement under the*

23           *doctrine of equivalents . . .and/or has actively induced and
     continues to actively induce others to infringe . . . literally and/or*

24           *under the doctrine of equivalents,* in this district and elsewhere in
     the United States.

25
26   *See* First Amended Complaint at ¶¶ 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64,

27   and 66 (emphasis added).  Nowhere in its omnibus allegations does Rambus explain how

28   NVIDIA induced or contributed to a third party's infringement.  Rambus does not even identify

1  any third party who was allegedly induced to infringe the asserted patents or who, together with

2  NVIDIA, infringed the asserted patents.

3       As to the purported willfulness of NVIDIA's alleged infringement, the complaint contains

4  only one conclusory statement:

> Upon information and belief, Defendant's infringement of the
> Rambus Patents as set forth herein has been and is willful,
> deliberate, and in disregard of Rambus' patent rights, and Rambus
> is therefore entitled to increased damages up to three times the
> amount of actual damages and attorneys' fee, pursuant to 35 U.S.C.
> §§ 284 and 285.

First Amended Complaint, ¶ 31.

      Rambus's First Amended Complaint is notably silent as to whether it purportedly

provided notice of alleged infringement to NVIDIA before filing suit.  Rambus's First Amended

Complaint fails to allege any other facts that would suggest NVIDIA knew or should have known

that its activities had an objectively high likelihood of infringing Rambus's asserted patents.

## III.   ANALYSIS

### A.   RAMBUS'S CLAIMS BASED ON UNSUPPORTED LEGAL CONCLUSIONS SHOULD BE DISMISSED

#### 1.  "Notice pleading" Requires Allegations of *Fact* to Support the "Grounds" of the Claims.

      Rule 8 requires "fair notice" of the nature of the claim a plaintiff is making, but also

requires notice of the "grounds on which the claim rests." *Bell Atlantic*, 127 S.Ct. at 1965 n.3.

While a conclusory or "blanket assertion of entitlement to relief" might serve to give notice of the

*nature* of the claim, factual allegations are necessary to give notice of the *grounds* underlying the

claim. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202,  pp. 94-95 (3d

ed. 2004)  (Rule 8(a)"contemplate[s] the statement of circumstances, occurrences, and events in

support of the claim presented" and does not authorize a pleader's "bare averment that he wants

relief and is entitled to it").)

      To plead claims for willful infringement, induced infringement, or contributory

infringement, Rambus must set out a factual basis to support its legal assertion that it is entitled to such relief.  In the absence of such a factual basis, the claims should be dismissed.  *See Bell Atlantic* 127 S.Ct. at 1974. ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## 2. **Rambus Has Not Pleaded Any Facts Related to Willful Infringement**

When a complaint alleging willful infringement fails to include an allegation that defendant had knowledge of the patents-in-suit, the claim should be dismissed. *See Nichia Corp. v. Seoul Semiconductor Ltd.*, No. C-06-0162, 2006 WL 1233148, at *2 (N.D. Cal. May 9, 2006) (striking prayer for treble damages as to defendants who were not alleged to have had knowledge of the patents). Rambus's conclusory assertion that NVIDIA has engaged in willful infringement falls far short of stating a claim.  Rather than alleging any facts showing that the risk of infringement was known to, but ignored by, NVIDIA, Rambus relies solely on a boilerplate assertion on "information and belief" that NVIDIA's alleged conduct "has been and is willful, deliberate, and in disregard of Rambus' patent rights."  This allegation, however, is no more that a "formulaic recitation of claim elements" rejected as insufficient in *Bell Atlantic* and in the precedents cited therein.  Without factual allegations supporting the legal claim, Rambus has not satisfied the minimal pleading requirement of Rule 8.

Last fall, the Federal Circuit ruled that a claim for willful infringement requires the plaintiff to show that the infringer acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent."  *See In re Seagate Technology*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (overruling *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed.Cir. 1983).).  Mere negligence is not enough – a defendant must have shown a "reckless disregard" of plaintiff's patents to willfully infringe.  *Id.* at 10.  For a defendant's behavior to rise to the level of "reckless disregard," the risk of infringement must be "known or so obvious that it should have been known to the accused infringer."  *Id.*  Rambus's allegations

include no facts going to any of these issues. Rambus has offered no allegations that, even if assumed true, would tend to show an "objectively high likelihood that" NVIDIA acted in "reckless disregard" of Rambus's alleged patent rights. In fact, Rambus has not even alleged that NVIDIA was *aware* of the patents-in-suit before this lawsuit was filed and served. Accordingly, Rambus's failure to allege any factual basis for its assertion of willful infringement warrants dismissal of those claims with respect to each of the seventeen patents-in-suit.[2]

### 3. Rambus Has Not Pleaded Any Facts to Support a Claim of Induced Infringement

Rambus's attempt to plead an induced infringement claim is also inadequate. To state a claim for inducement under 35 U.S.C. § 271(b) and *Bell Atlantic*, a plaintiff must plead facts sufficient to support an inference that defendant "knowingly induced infringement and possessed specific intent to encourage another's infringement." *See DSU Med. Corp v. JMS, Co.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006). The knowledge element of an inducement claim "necessarily includes the requirement that [the accused party] knew of the patent." *Id.* at 1304. Once a plaintiff has shown that a defendant has knowledge of the patent, it must show that the defendant "actively and *knowingly* aid[ed] and abett[ed] another's direct infringement." *Id.* at 1305 (citing *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) (emphasis in original)). Therefore, inducement requires "evidence of culpable conduct, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

Fundamental to an inducement claim is the existence of a third-party direct infringer that the defendant aided and abetted. *See Met-Coil Systems Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687 (Fed.Cir. 1986) (direct infringement by third party required element of induced infringement claim). This requirement is not only one of proof, but also of pleading, given the requirement that a plaintiff must allege the *grounds* of its claims. Thus, in *Goss Intern. Americas, Inc. v. MAN Roland, Inc.*, 2008 WL 3823707 (D.N.H. Aug. 15, 2008), the court held that a

---

[2]  With the dismissal of the claim for willful infringement, the requests for treble damages and attorney fees based thereon (paragraph 31 and paragraphs D and E of the prayer) should also be stricken.

1    complaint with no allegation of direct infringement by anyone other than the named defendant,

2    "does not state a claim for inducement of infringement or contributory infringement." *Id.* at * 2.[3]

3    Similarly, in *Shearing v. Optical Radiation Corp.*, 1994 WL 382444, 30 U.S.P.Q.2d 1878

4    (D.Nev. March 25, 1994),  the court dismissed claims for induced and contributory infringement

5    because the plaintiff had alleged neither direct infringement by a third party nor that the products

6    in dispute had no substantial noninfringing uses.  1994 WL 382444 at *2, 30 U.S.P.Q.2d at 1880.[4]

7           Here, Rambus's allegation are substantially identical to those in *Goss*, and are equally

8    insufficient to state a claim.  Rambus, like the *Goss* plaintiff, has only alleged that the accused

9    products have been offered for sale and sold, not that any third party has engaged in direct

10   infringement, or any facts that would support such an assertion.  Compare First Amended

11   Complaint ¶¶ 34, 36, 38 *et seq.* (NVIDIA infringes by "offering to sell, selling . . . .") with *Goss*,

12   2008 WL 3823707 at  *1 (defendants alleged to infringe by "offering to sell, and selling . . . .").[5]

13   *See also Ondeo Naclo Co. v. EKA Chemicals, Inc.*, No. Civ.A.01-537, 2002 WL 1458853, *1 (D.

14   Del. June 10, 2002) (claim for induced infringement dismissed where "the pleadings fail to allege

15   direct infringement by a party other than [the accused infringer] and, therefore, insufficiently

16   plead induced infringement.")

17          Rambus's complaint merely asserts that NVIDIA "has actively induced and continues to

18   actively induce others" to infringe.   Rambus has offered no facts as to who such "others" might

19   be, or how NVIDIA "encouraged another's infringement."  Rambus's omissions necessarily

20   _____

21   [3]  The *Goss* decision arose in the context of a motion *in limine* rather than a motion to dismiss,
      but the court's conclusion that plaintiff would not be able to pursue claims for induced or
22   contributory infringement at trial was based on a determination that complaint failed to plead
      such claims adequately. *Id.*

23   [4]  The point about the existence of non-infringing uses relates to contributory infringement,
24   discussed below.

25   [5]  The *Goss* court distinguished *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F.Supp. 93, 95
      (W.D.N.Y. 1996).  In *Fuji*, the complaint included allegations that products sold by the defendant
26   had been "used by others" in a manner that allegedly violated the plaintiff's patent rights. *Fuji*,
      936 F.Supp. at 95.  The same basis for distinguishing *Fuji* exists here, where Rambus makes no
27   allegations regarding any third party conduct.  Additionally, the *Fuji* court expressly endorsed the
      holding of *Shearing* that "direct infringement [by a third party] also must be pleaded in the
28   complaint in order to state a claim for inducement of infringement and contributory
      infringement." *Fuji*, 936 F.Supp. at 95.

prejudice NVIDIA's ability to investigate and respond to the assertions leveled against it. The "bare averment" that Rambus seeks relief under a theory of induced infringement is not a substitute for setting forth the factual grounds of any such claim.

Additionally, as noted above, Rambus has not even alleged that NVIDIA had knowledge of the patents-in-suit. Courts have construed the knowledge requirement of an inducement action to require that the defendant have actual or constructive knowledge of the patent. *See Advanceme, Inc. v. Rapidpay, LLC,* 509 F.Supp.2d 593, 607 (E.D. Tex. 2007) (citing *Insituform Techs., Inc. v. Cat. Contr., Inc.* 385 F.3d 1360, 1378 (Fed. Cir. 2004)).

Accordingly, Rambus has failed to state a claim for induced infringement as to any of the seventeen patents-in-suit. Those purported claims should therefore be dismissed.

### 4. **Rambus has not Pleaded Any Facts to Support a Claim for Contributory Infringement**

Rambus's attempt to state claims for contributory infringement of the patents-in-suit fails for the same basic reasons set out above. Rambus again has pleaded no factual basis for the claims whatsoever, and relies instead on the terse conclusion that NVIDIA "has contributed and continues to contribute to" infringement and its general allegation that NVIDIA has sold or offered for sale the accused products.

To establish contributory infringement, the plaintiff must show that the defendant made the patented device, that the device has no substantial non-infringing uses, and that the defendant sold the device within the United States to a customer, whose use of the device constituted an act of direct infringement." *DSU Med. Corp.,* 471 F.3d at 1303. "The patentee always has the burden to show direct infringement for each instance of indirect infringement." *Id. See also Met-Coil Systems, supra,* 803 F.2d at 687 (holding that failure to show infringement by third party is equally fatal to claim for contributory infringement as it is to claim for induced infringement).

Again, as *Goss* and *Shearing* demonstrate, these are requirements of *pleading* not just of proof. In view of Rambus's failure to provide any factual allegations bearing on these issues, the claims for contributory infringement should be dismissed.

**5. Rambus's Prayer for Attorney Fees Based on an Assertion that this Case is "Exceptional" Should be Stricken in the Absence of a Factual Basis**

Rambus appears to be attempting to claim a right to recover attorney fees based on either its contention that NVIDIA engaged in willful infringement or on some other unspecified factual circumstances that would support a conclusion that this case is "exceptional." Rambus's failure to plead willfulness adequately has been discussed above. To the extent Rambus's prayer for attorney fees is intended to be based on any other wholly-unpleaded facts, the prayer should be stricken. *Cf Nichia Corp., supra*, 2006 WL 1233148 at *2 (striking prayer for treble damages where no facts were alleged to support willfulness and complaint did not "include any other allegation that, if proven, might support an award of treble damages.").

**B.    IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE RAMBUS TO AMEND ITS CLAIMS TO PROVIDE  A MORE DEFINITE STATEMENT**

If the Court does not grant NVIDIA's motion to dismiss, NVIDIA respectfully requests that the Court exercise its discretion and order Rambus to amend its complaint to provide a more definite statement. When a complaint survives a motion to dismiss, a motion for more definite statement under Rule 12(e) may still be appropriate. *See, e.g. Agilent Technologies, Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *4 (S.D.N.Y. Oct. 19, 2004). Rule 12(e) of the Federal Rules of Civil Procedure allows a defendant to seek more information when a complaint is vague or ambiguous:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e) (emphasis added).

As set forth above, the Complaint is hopelessly vague with respect to its claims of inducement, contributory infringement, and willful infringement because Rambus has failed to allege facts that support even the possibility of a claim. NVIDIA has enumerated the various

1    defects, and asks that the Court order Rambus to supply the missing factual material so that

2    NVIDIA may properly respond to the complaint.

3

## IV.    CONCLUSION

4

5          Rambus has given notice that it would like to pursue claims for willful, contributory, and

6    induced patent infringement, but it has given *no* notice at all as to what it believes forms the

7    factual basis for such claims.  This motion to dismiss should be granted and the requests for treble

8    damages and attorney fees should be stricken.

9

10   Dated: August 29, 2008                    ORRICK, HERRINGTON & SUTCLIFFE LLP

11

12                                             */s/ Robert W. Ricketson /s/*

13                                             _____
                                               ROBERT W. RICKETSON
                                               Attorneys for Defendant
14                                             NVIDIA CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NVIDIA'S MOTION TO DISMISS AND TO STRIKE OR
FOR MORE DEFINITE STATEMENT
C-08-03343 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2008.

Dated:  August 29, 2008.                    Respectfully submitted,

_/s/ Robert W. Ricketson_ /s/
_____
Robert W. Ricketson