1  Mike McKool, Jr. (*pro hac vice*)
   Douglas Cawley (*pro hac vice*)
2  McKOOL SMITH P.C.
   300 Crescent Court
3  Suite 1500
   Dallas, Texas 75201
4  Telephone:  (214) 978-4000
   Facsimile:  (214) 978-4044
5  Email:  mmckool@mckoolsmith.com;
   dcawley@mckoolsmith.com
6
   Scott L. Cole (*pro hac vice*)
7  Pierre J. Hubert (*pro hac vice*)
   Craig N. Tolliver (*pro hac vice*)
8  McKOOL SMITH P.C.
   300 W. 6th Street
9  Suite 1700
   Austin, Texas 78701
10 Telephone:  (512) 692-8700
   Facsimile:  (512) 692-8744
11 Email:  scole@mckoolsmith.com;
   phubert@mckoolsmith.com;
12 ctolliver@mckoolsmith.com

13 Julie S. Turner (State Bar No. 191146)
   THE TURNER LAW FIRM
14 344 Tennessee Lane
   Palo Alto, California 94306
15 Telephone:  (650) 494-1530
   Facsimile:  (650) 472-8028
16 Email:  jturner@julieturnerlaw.com

17 Attorneys for Plaintiff
   RAMBUS INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No. C-08-03343 SI <br><br> **RAMBUS INC.'S OPPOSITION TO NVIDIA CORPORATION'S MOTION TO DISMISS AND TO STRIKE, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** <br><br> Date:  November 14, 2008 <br> Time:  9:00 a.m. <br> Judge:  The Hon. Susan Illston |

# TABLE OF CONTENTS

I. Introduction ........................................................................................................................ 1

II. Background ....................................................................................................................... 2

III. Analysis ............................................................................................................................. 4

    A. Dismissal is Disfavored and Rarely Granted ........................................................... 4

    B. Only Simple Notice Pleading is Required .............................................................. 4

    C. Rambus Has Adequately Pleaded that NVIDIA's Infringement Has Been Willful ........................................................................................................................ 5

        1. Rambus Has Met the Pleading Standard for Willful Infringement; There is No Requirement to Plead the Details NVIDIA Demands ............ 5

        2. Legal Authorities on Which NVIDIA Relies are Inapposite ....................... 6

    D. Rambus Has Adequately Pleaded that NVIDIA Induced Infringement of Rambus's Patents ..................................................................................................... 7

        1. Rambus Has Met the Pleading Standard for Inducement of Infringement; Rambus Need Not Plead the Details NVIDIA Demands ..................................................................................................... 7

        2. The Legal Authorities on Which NVIDIA Relies are Inapposite ............... 9

    E. Rambus Has Adequately Pleaded that NVIDIA Has Contributed to Infringement of Rambus's Patents .......................................................................... 11

    F. NVIDIA's Motion to Strike Portions of Rambus's Prayer for Relief is Meritless ................................................................................................................. 12

    G. NVIDIA's Motion for a More Definite Statement Should Be Denied ................. 12

    H. In the Alternative, Rambus Should be Granted Leave to Amend ......................... 13

IV. CONCLUSION ............................................................................................................... 13

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Case No. C-08-03343 SI          Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanceme, Inc. v. Rapidpay, LLC*,
    509 F.Supp.2d 593, 607 (E.D. Tex. 2007)..................................................................................11

*Agilent Techs., Inc. v. Micromuse, Inc.*,
    2004 U.S. Dist. LEXIS 20723, *5-6 (S.D.N.Y. 2004)................................................7, 8, 11, 13

*Beery v. Hitachi Home Elecs.*,
    157 F.R.D. 477, 480 (C.D. Cal. 1993).......................................................................................12

*Bell Atantic Corp. v. Twombly*,
    127 S. Ct. 1955, 1974 (2007)...................................................................................................1, 4

*CBT Flint Partners v. Goodmail Systems, Inc.*,
    529 F.Supp.2d 1376, 1379 (N.D. Ga. 2007).........................................................................8, 11

*Clark v. Allstate Ins. Co.*,
    106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000).............................................................................6

*Doe v. United States (In re Doe)*,
    58 F.3d 494, 497 (9th Cir. 1995) ..............................................................................................13

*DSU Med. Corp. v. JMS Co.*,
    417 F.3d 1293, 1303-06 (Fed. Cir. 2006) .................................................................................11

*Durning v. First Boston Corp.*,
    815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied*, 484 U.S. 944 (1987)..................................4

*Erickson v. Pardus*,
    127 S. Ct. 2197, 2200 (2007).......................................................................................................4

*FotoMedia Techs., LLC v. AOL, LLC*,
    No. 2:07-cv-255, 2008 U.S. Dist. LEXIS 73077, *3 (E.D. Tex. Sept. 24, 2008)..................5, 6

*Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*,
    936 F.Supp. 93 (W.D.N.Y. 1996)........................................................................................10, 11

*Goss Intern. Americas, Inc. v. MAN Roland, Inc.*,
    2008 U.S. Dist. LEXIS 63311 (D.N.H. Aug. 15, 2008) .......................................................9, 10

*Hall v. City of Santa Barbara*,
    833 F.2d 1270, 1274 (9th Cir. 1986) ..........................................................................................4

*Home & Nature Inc. v. Sherman Specialty Co., Inc.*,
    322 F.Supp.2d 260, 265 (E.D.N.Y. 2004) ................................................................................12

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

*J&J Manuf. Inc. v. Logan*,
    24 F.Supp.2d 692, 703 (E.D. Tex. 1998) .................................................................................12

*Jackson v. Illinois Bell Tel. Co.*,
    No. 01-C-8001, 2002 U.S. Dist. LEXIS 13186, at *7-*9 (N.D. Ill. July 8, 2002) ..............7, 11

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354, 1357 (Fed. Cir. 2007) ..........................................................................4, 6, 9, 11

*Met-Coil Systems Corp. v. Korners Unlimited, Inc.*,
    803 F.2d 684, 687 (Fed.Cir. 1986) ..........................................................................................11

*Mir v. Little Co. of Mary Hospital*,
    844 F.2d 646, 649 (9th Cir. 1988) .............................................................................................5

*Nichia Corp. v. Seoul Semiconductor, Ltd.*,
    2006 U.S. Dist. LEXIS 29959 (N.D. Cal. May 9, 2006) ...........................................................6

*Nw. Pipe Co. v. The Travelers Indem. Co. of Connecticut*,
    No. C-02-04189JF, 2003 U.S. Dist. LEXIS 26416, at *7-*8 (N.D. Cal. Feb. 12, 2003) ..........6

*Ondeo Nalco Co. v. Eka Chems., Inc.*,
    2002 U.S. Dist. LEXIS 26195, *5 (D. Del. Aug. 10, 2002) ....................................................11

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
    203 F.3d 790, 794 (Fed. Cir. 2000) .......................................................................................6, 9

*Scanner Technologies, Corp. v. NVIDIA Corporation*,
    No. 9:06-cv-00205-RC-KFG (E.D. Tex.) .................................................................................9

*Shearing v. Optical Radiation Corp.*,
    1994 U.S. Dist. LEXIS 18937, 30 U.S.P.Q.2d 1878 (D.Nev. March 25, 1994) .....................11

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506, 512 (2002) ..........................................................................................................4

*Usher v. City of Los Angeles*,
    828 F.2d 556, 561 (9th Cir. 1987) .............................................................................................4

*Windy City Innovations, LLC v. Am. Online, Inc.*,
    227 F.R.D. 278 (N.D. Ill. 2005) ...........................................................................................8, 11

**STATUTES**

35 U.S.C. § 271(c) ...........................................................................................................................12

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Case No. C-08-03343 SI         Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to
                               Dismiss and to Strike or for More Definite Statement
iii

I.      INTRODUCTION

NVIDIA Corporation's ("NVIDIA") motion to dismiss and strike, or alternatively for a more definite statement (NVIDIA's "Motion" (Dkt. No. 34)) regarding portions of Rambus Inc.'s ("Rambus") First Amended Complaint ("FAC") is a transparent attempt to delay this proceeding. NVIDIA concedes that Rambus has adequately pleaded claims that NVIDIA directly infringed Rambus's patents, but contends that Rambus's allegations of willful and indirect infringement are deficient. Contrary to NVIDIA's contention, however, simple notice pleading remains the standard under *Bell Atlantic* – a case that expressly "do[es] not require heightened fact pleading" – and Rambus's complaint not only meets but exceeds this requirement. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). NVIDIA's delay tactic should be rejected and its motion denied.

NVIDIA relies on inapposite authorities and conflates the notice-based pleading standard with evidentiary standards for proving a claim on the merits. Rambus's complaint contains numerous details of NVIDIA's infringement of each of Rambus's patents-in-suit, including the acts by which NVIDIA has infringed each asserted patent, the specific types of memory controllers and product lines accused of infringing the patents-in-suit, the willful and deliberate nature of the infringement, NVIDIA's contributing to and inducement of infringement by others, and infringing acts by NVIDIA's customers and other entities. These allegations provide NVIDIA with sufficient information to answer the complaint. Nothing more is required. Indeed, NVIDIA has had no problem answering a patent infringement complaint in a different case that contained similar detail to Rambus's complaint here.

Yet NVIDIA now seeks to have Rambus plead additional, unnecessary details that NVIDIA undoubtedly already knows, or has admitted it knew even before Rambus filed its complaint, including NVIDIA's own awareness of the patents-in-suit, its knowledge of infringement, and the absence of substantial non-infringing uses for its infringing products. NVIDIA's motion amounts to a premature request for the sorts of details that are the proper

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

1  subjects of discovery.  NVIDIA's motion should be viewed with the general disfavor typical of

2  such motions, and its motion should be denied.

3  **II.    BACKGROUND**

4        Rambus filed both its Complaint and FAC against NVIDIA on July 10, 2008.[1]  (*See* Dkt.

5  Nos. 1 and 4).  The very next day, NVIDIA filed a complaint against Rambus in a separate

6  action in North Carolina, alleging antitrust violations and unfair competition in an attempt to

7  preclude enforcement of the patents Rambus has asserted in the present action.  NVIDIA's

8  allegations in North Carolina largely mirror allegations brought as counterclaims in other patent

9  cases pending in this District.  Rather than bring its allegations as counterclaims in the present

10 action, however, NVIDIA elected to initiate a separate lawsuit in a district far removed from the

11 Northern District of California, where NVIDIA's and Rambus's headquarters, numerous

12 potential witnesses and the vast majority of potentially relevant documents are located – and,

13 tellingly, where Rambus has prevailed on similar claims asserted by other alleged infringers.

14 Rambus's motion to dismiss the North Carolina action and motion to transfer that action to this

15 District are currently pending.

16       On August 29, 2008, NVIDIA filed the instant motion in lieu of answering Rambus's

17 complaint, contending that Rambus should have alleged in its complaint additional details of

18 NVIDIA's willful, contributory and inducement of infringement.  NVIDIA did not, however,

19 contest the sufficiency of Rambus's direct infringement allegations.

20       Rambus's FAC provides numerous details of NVIDIA's infringement of each of

21 Rambus's patents-in-suit, including the acts by which NVIDIA has infringed each asserted

22 patent, the specific types of memory controllers accused of infringing the patents-in-suit, and

23 NVIDIA's contributing to and inducement of infringement by others.  Count I for infringement

24 of the '997 patent-in-suit includes exemplary allegations:

25 > Upon information and belief, Defendant (1) has infringed and
26 > continues to infringe the '997 Patent, literally and/or under the
   > doctrine of equivalents, by making, using, offering to sell, selling,
27 > and/or importing, directly and/or through intermediaries, Accused

---

28 [1] Rambus's FAC added the patents-in-suit as exhibits to correct a filing error.

Case No. C-08-03343 SI                    Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to
                                          Dismiss and to Strike or for More Definite Statement
                                    2

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

> Products consisting of or including at least SDR, DDR, DDR2, DDR3, GDDR and/or GDDR3 memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the '997 Patent, and/or has actively induced and continues to actively induce others to infringe the '997 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

(FAC, ¶34).

Even without the benefit of discovery, Rambus has identified specific product lines it alleges infringe the patents-in-suit: "Accused Products include chipsets, graphics processors, media communication processors, multimedia applications processors and/or products that are part of NVIDIA's "GeForce," "Quadro," "nForce," "Tesla," "Tegra" and/or "GoForce" product lines."  (*Id*. at ¶11).

Rambus's FAC further identifies infringing acts by NVIDIA and its customers and other entities, and seeks, *inter alia*, an injunction to preclude further such acts:

> A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining NVIDIA and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with any of them, including related individuals and entities, <u>customers</u>, representatives, <u>OEMs, dealers, and distributors</u>, from <u>further acts of (1) infringement</u>, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Rambus Patents.

(*Id*. at p. 16, lines 1-6 (emphasis added)).

Rambus has also alleged that NVIDIA's infringement has been willful, deliberate and in disregard of Rambus's patent rights:

> Upon information and belief, Defendant's infringement of the Rambus Patents as set forth herein has been and is willful, deliberate and in disregard of Rambus' patent rights, and Rambus is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

(*Id*. at ¶31).

Case No. C-08-03343 SI    Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

3

## III. ANALYSIS

### A. <u>Dismissal is Disfavored and Rarely Granted</u>

"It is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) (internal quotation omitted). In deciding a motion to dismiss under Federal Rule 12(b)(6), the allegations in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied*, 484 U.S. 944 (1987); *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic,* 127 S. Ct. at 1964). Moreover, a court must "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citation omitted).

### B. <u>Only Simple Notice Pleading is Required</u>

The Federal Rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The Supreme Court has concluded that "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim….'" *Bell Atlantic*, 127 S. Ct. at 1965 n. 3 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Supreme Court made it clear that it was "not requir[ing] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. Two weeks after its *Bell Atlantic* opinion, the Supreme Court reaffirmed that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson*, 127 S. Ct. at 2200 (quoting *Bell Atlantic*, 127 S. Ct. at 1964). The "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47).

Accordingly, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1971 n. 10). Any patent-infringement complaint

1  that "contains enough detail to allow the defendants to answer . . . thus meets the notice pleading required to survive a Rule 12(b)(6) motion. …Nothing more is required." *Id*.

### C. Rambus Has Adequately Pleaded that NVIDIA's Infringement Has Been Willful

NVIDIA argues that Rambus's claim of willful infringement is not sufficiently detailed, and suggests that Rambus should have also alleged that NVIDIA was aware of the patents-in-suit and the risk of infringing them. NVIDIA's argument fails for several reasons.

#### 1. Rambus Has Met the Pleading Standard for Willful Infringement; There is No Requirement to Plead the Details NVIDIA Demands

As *FotoMedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 U.S. Dist. LEXIS 73077 (E.D. Tex. Sept. 24, 2008), demonstrates, all that is required to plead willful infringement is an allegation that "[defendant's] acts of infringement of the [patent-in-suit] have been willful, deliberate, and in reckless disregard of [plaintiff's] patent rights." *See id*. at *3 (adopting Magistrate's denial of motion to dismiss or for more definite statement); Ex. A[2] (Aug. 29, 2008 Mag. Rpt. & Recomm.), 3-4; Ex. B (Complaint), ¶¶22, 26, 30. In *FotoMedia*, defendants—like NVIDIA—argued that such allegations were insufficient to meet the pleading requirements and moved to dismiss under Rule 12(b)(6). The court rejected their argument and found those allegations sufficient to withstand the motion to dismiss. *See* Ex. A, 3-4. The same result should obtain here, because Rambus has adequately alleged that NVIDIA's infringement of the patents-in-suit "has been and is willful, deliberate and in disregard of Rambus' patent rights." (*See* FAC, ¶31).[3] No additional details are required to plead willful infringement.

---

[2] Exhibits referred to herein are attached to the Declaration of Trent E. Campione filed herewith.

[3] NVIDIA has already demonstrated that it understands the basis of Rambus's willful infringement allegations sufficiently to enable it to answer. In its complaint in North Carolina, NVIDIA acknowledges that it was previously aware of Rambus's patents and its risk of infringing them – the very facts it now suggests Rambus should be required to notify NVIDIA of in its complaint. There, NVIDIA alleged that "[b]efore filing its patent infringement action against NVIDIA, Rambus … demanded that NVIDIA either (a) take a worldwide license to all of Rambus's patents …or (b) … license Rambus's … RDRAM interface technology. …NVIDIA lacked options for alternative technologies. Accordingly, NVIDIA refused to capitulate." Ex. D (NVIDIA's FAC), ¶106; *see Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."); FED. R. EVID. 201(c), (d). The negotiations to which NVIDIA's allegations refer address precisely the same risk of infringement NVIDIA now contends Rambus should have

Case No. C-08-03343 SI    Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

5

1   Contrary to NVIDIA's argument, there is no requirement to recite underlying facts to
2   allege willful infringement. *See FotoMedia Techs.*, 2008 U.S. Dist. LEXIS 73077, *3; Ex. A, 3-
3   4 (rejecting motion to dismiss willfulness claim where the complaint alleges willful
4   infringement, but "does not detail how the defendants are alleged to have willfully infringed…");
5   *see also*, *e.g.*, *Nw. Pipe Co. v. The Travelers Indem. Co. of Connecticut*, No. C-02-04189JF,
6   2003 U.S. Dist. LEXIS 26416, at *7-*8 (N.D. Cal. Feb. 12, 2003) ("Plaintiff need not plead
7   evidentiary facts to support his contention that Defendant had the requisite mental state to
8   impose punitive damages…."); *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal.
9   2000) ("In federal court, a plaintiff may include a 'short and plain' prayer for punitive damages
10  that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.").

**2.     Legal Authorities on Which NVIDIA Relies are Inapposite**

12   NVIDIA cites *Nichia Corp. v. Seoul Semiconductor, Ltd.*, 2006 U.S. Dist. LEXIS 29959
13  (N.D. Cal. May 9, 2006), for the proposition that a claim for willful infringement should be
14  dismissed unless a complaint includes an allegation that a defendant had knowledge of the
15  patents-in-suit. *Nichia*, however, did not involve a motion to dismiss willfulness allegations.
16  The court there merely struck a prayer for enhanced damages, where there were *no* allegations of
17  willful infringement, conclusory or otherwise, that could support such damages. *See Nichia*,
18  2006 U.S. Dist. LEXIS 29959, *5 - *8; Ex. C (Nichia's Complaint), ¶27.  Here, NVIDIA
19  concedes that Rambus *has* at least alleged that NVIDIA willfully infringed the patents-in-suit.
20  Accordingly, *Nichia* provides no support for NVIDIA's argument.
21   The case NVIDIA cites regarding *proof* of willful infringement – *In re Seagate*, 497 F.3d
22  1360 (Fed. Cir. 2007) – also is unavailing, because it does not address the *pleading* requirements
23  at issue here.

24

25  alleged in its complaint. NVIDIA has long been on notice of the facts it now suggests it needs to answer Rambus's complaint, and already has sufficient information to enable it "to answer….
26  Nothing more is required." *McZeal*, 501 F.3d at 1357; *see Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("[A] patentee need only plead facts
27  sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and
28  defend itself.").

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Case No. C-08-03343 SI                                  Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to
                                                                Dismiss and to Strike or for More Definite Statement
6

**D.  Rambus Has Adequately Pleaded that NVIDIA Induced Infringement of Rambus's Patents**

Rambus has also adequately pleaded its claim that NVIDIA induced infringement of the patents-in-suit.  NVIDIA complains that Rambus failed to allege "that any third party has engaged in direct infringement, or any facts that would support such an assertion."  (Motion at 6).  NVIDIA also appears to suggest, without directly arguing, that Rambus's complaint should have included allegations regarding identities of third-party direct infringers, the manner in which NVIDIA encouraged their infringement and NVIDIA's awareness of the patents-in-suit.  As with the willfulness claims, NVIDIA's argument fails here for several reasons.

**1.  Rambus Has Met the Pleading Standard for Inducement of Infringement; Rambus Need Not Plead the Details NVIDIA Demands**

Claims for induced infringement are sufficient even absent the types of allegations NVIDIA suggests Rambus should have pleaded.  A complaint adequately sets forth a claim for inducement of infringement – as well as contributory infringement – if it specifies that "each of the defendants has infringed the patent in suit either directly or through acts of contributory infringement or inducement."  *Jackson v. Illinois Bell Tel. Co.*, No. 01-C-8001, 2002 U.S. Dist. LEXIS 13186, at *7-*9 (N.D. Ill. July 8, 2002) (denying motion to dismiss).

In *Agilent Techs., Inc. v. Micromuse, Inc*., 2004 U.S. Dist. LEXIS 20723, *5-6 (S.D.N.Y. 2004) – a case NVIDIA cites to support its request for a more definite statement – the complaint stated that "[plaintiff] is informed and believes that [defendant] has directly infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the [patent-in-suit]."  The defendant there – like NVIDIA – argued that the complaint should be dismissed because it failed to specify, among other things, third party direct infringers.  *Id*. at *10-11.  The court rejected that argument, concluding that "[t]he absence of allegations such as those described does not demonstrate that the harsh sanction of dismissal is appropriate here…."  *Id*. at *11.  The court likewise rejected the defendant's request for a more definite statement as to third party direct infringers.  *Id*. at *16.

Case No. C-08-03343 SI                        Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

7

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Similarly, in *Windy City Innovations, LLC v. Am. Online, Inc*., 227 F.R.D. 278 (N.D. Ill. 2005), the complaint alleged that the defendant "is responsible for certain infringement 'directly, contributorily, by inducement, or otherwise….'" *Id*. at 282.  The defendant argued that such language is insufficient, and moved to dismiss the infringement claim under Rule 12(b)(6).  *Id*.  The court disagreed, concluding that the quoted language is sufficient "to satisfy the notice pleading standard" and that it "merely indicates that after discovery [plaintiff] will be able to state with more certainty the degree of involvement of [defendant] in the alleged infringement." *Id*. at 282-83.

The court in *CBT Flint Partners v. Goodmail Systems, Inc*., 529 F.Supp.2d 1376, 1379 (N.D. Ga. 2007), confirmed that allegations no more detailed than those in Rambus's complaint remain sufficient in light of the Supreme Court's *Bell Atlantic* decision.  The court observed that *Bell Atlantic* did not "change the fundamental command of Rule 8 as to what a valid complaint must look like.  Indeed, the court made clear that it was not imposing a heightened pleading standard." *Id.* (citing *Bell Atlantic*, 127 S. Ct. at 1974).  It found the following allegations adequate to state claims of inducement of and contributory infringement under *Bell Atlantic*, and denied the defendant's motion to dismiss:

> On information and belief, [defendant] has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the [patent-in-suit], all in violation of 35 U.S.C. §§ 271(a), (b), and (c).

*Id*. at 1378.

Rambus's infringement allegations exceed the required minimum because they are more detailed than allegations of contributory and inducement of infringement that have been found sufficient in pre- and post-*Bell Atlantic* cases alike.  Rambus's complaint matches the level of detail pleaded in the cases discussed above, and includes additional allegations regarding direct infringement by others:

> Defendant … has contributed and continues to contribute to <u>the literal infringement and/or infringement under the doctrine of equivalents</u> of the '997 Patent, and/or has actively induced and

Case No. C-08-03343 SI                                    Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

8

> continues to actively induce <u>others to infringe</u> the [patents-in-suit], literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

(*E.g.*, FAC, ¶34 (emphasis added)).  Rambus's FAC further indicates direct infringement by NVIDIA's customers and other third parties, which is seeks to enjoin:

> A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining NVIDIA and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with any of them, including related individuals and entities, <u>customers</u>, representatives, <u>OEMs, dealers, and distributors</u>, from <u>further acts of (1) infringement</u>, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Rambus Patents

(*Id*. at p. 16, lines 1-6 (emphasis added)).[4]

Rambus's complaint therefore easily meets, and indeed exceeds, Rule 8(a)'s requirements for pleading inducement of infringement.  No additional details are required.

### 2. The Legal Authorities on Which NVIDIA Relies are Inapposite

NVIDIA offers *Goss Intern. Americas, Inc. v. MAN Roland, Inc*., 2008 U.S. Dist. LEXIS 63311 (D.N.H. Aug. 15, 2008), a case marked "NOT FOR PUBLICATION," in support of its position, contending that "Rambus's allegation [*sic*] are substantially identical to those in *Goss*, and are equally insufficient to state a claim." (Motion at 6).  The language deemed insufficient

---

[4] Moreover, Rambus has pleaded sufficient allegations to put NVIDIA on notice of the basis of its claim for inducement of infringement, and to enable it to answer.  As discussed above, NVIDIA has long been aware of the patents-in-suit and the manner in which they are alleged to be infringed, as evidenced by its admissions in its North Carolina complaint regarding licensing discussions with Rambus that focused on precisely those issues.  By identifying the accused products, describing the means of infringement, and identifying third-party infringers, Rambus has given NVIDIA sufficient notice of its claims of indirect infringement.

Indeed, NVIDIA, represented by the same counsel, previously was able to answer a complaint against it by denying allegations similar to Rambus's, without seeking the sort of details it now suggests it needs before it can answer Rambus's complaint.  *See* Ex. E (9/15/2006 Complaint, *Scanner Technologies, Corp. v. NVIDIA Corporation*, No. 9:06-cv-00205-RC-KFG (E.D. Tex.)), ¶15 ("Upon information and belief, NVIDIA has and will continue to infringe and induce others including its customers to infringe the '678 Patent unless enjoined by the Court."), p. 6, ¶B (seeking "a judicial determination … that NVIDIA directly, contributorily and through inducement infringes the [patents-in-suit]"); Ex. F (NVIDIA's 11/6/2006 Answer).  Rambus thus has provided NVIDIA sufficient notice to answer the allegation of inducement of infringement.  "Nothing more is required."  *McZeal*, 501 F.3d at 1357; *see Phonometrics*, 203 F.3d at 794.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

in *Goss*, however, failed to include *any* allegation of indirect, inducement or contributory infringement;[5] the allegations there were limited on their face to direct infringement:

> Despite knowing of the [patents-in-suit], Defendants have been and still are willfully infringing the [patents-in-suit] by making, using, offering to sell, and selling within the United States, and by importing into the United States, certain [accused products] embodying the patented invention, and will continue to do so unless enjoined by this Court.

*Id*. at *4-*5.  Rambus's complaint, on the other hand, *does* explicitly allege inducement of infringement, as well as direct infringement by third parties, and with greater detail than is required as is discussed above.  (*See, e.g*., FAC, ¶34, 16:1-6).

Indeed, Rambus's allegations are more similar to those found to be adequate in *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc*., 936 F.Supp. 93 (W.D.N.Y. 1996), which the *Goss* court distinguished.  NVIDIA attempts to distinguish the present case from *Fuji* on the basis that the complaint there was more detailed than Rambus's because it included allegations that products sold by the defendant had been "used by others" in an infringing manner.  The *Fuji* court, however, did not require allegations to incorporate that particular language; rather, it denied the motion to dismiss because "[t]he complaint specifically alleges direct infringement by non-parties…."  *Id*. at 95-96.  Rambus's complaint also alleges that there was infringement by non-parties, and provides even greater detail than in *Fuji* by further identifying third parties such as "customers, …OEMs, dealers, and distributors."  (*See, e.g*., FAC, ¶34, 16:1-6).  Rambus's allegations therefore are also sufficient, even under *Fuji*, which in any event does not establish a *minimum* level of detail with which Rambus may plead indirect infringement.

Rambus's allegations of direct infringement by others, and identification of third parties such as "customers, …OEMs, dealers, and distributors" also distinguish the present case from two additional cases NVIDIA relies upon – *Shearing v. Optical Radiation Corp*., 1994 U.S. Dist. LEXIS 18937, 30 U.S.P.Q.2d 1878 (D.Nev. March 25, 1994) and *Ondeo Nalco Co. v. Eka*

---

[5] In *Goss*, the court mentioned in dicta that "Goss's proposed Second Amended Complaint is no help; neither the inducement claims nor the claims of contributory infringement adequately allege direct infringement by a non-party." 2008 U.S. Dist. LEXIS 63311, *5.  The opinion, however, does not provide any description of any such "claims," and the proposed SAC it references was not found to be available.

*Chems., Inc.*, 2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002).  Indeed, the *Fuji* court distinguished *Shearing* for similar reasons.  936 F.Supp. at 95.

NVIDIA again resorts to cases describing the patentee's burdens of *proof*.[6]  (Motion at 5-7).  Those cases are distinguishable because they do not address the standards by which the *pleadings* must be judged.

### E. Rambus Has Adequately Pleaded that NVIDIA Has Contributed to Infringement of Rambus's Patents

NVIDIA contends that Rambus's claims regarding contributory infringement are deficient "for the same basic reasons" it argued with respect to Rambus's claims for inducement of infringement.  NVIDIA's arguments also fail for the same reasons discussed above in the context of inducement of infringement, including because:

- Rambus has exceeded the pleading standard for contributory infringement, and is not required to plead the details NVIDIA seeks.  *See, e.g., CBT Flint*, 529 F.Supp.2d at 1378-79; *Windy City*, 227 F.R.D. at 283; *Agilent Techs.*, 2004 U.S. Dist. LEXIS 20723, *5-6, 10-11; *Jackson*, 2002 U.S. Dist. LEXIS 13186, at *7-*9.

- "[Rambus's] complaint contains enough detail to allow [NVIDIA] to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion."  *See McZeal*, 501 F.3d at 1357.  Indeed, in *Scanner Techs.*, NVIDIA was able to answer allegations of indirect infringement similar to Rambus's, without seeking the sort of details it now suggests are necessary for it to answer.

- NVIDIA's arguments are based on distinguishable cases, including Federal Circuit opinions describing *proof* a claim on the merits, not *pleading* standards.[7]

---

[6] *See DSU Med. Corp. v. JMS Co.,* 417 F.3d 1293 (Fed. Cir. 2006) (citing *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660 (Fed. Cir. 1988)); *Met-Coil Systems Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684 (Fed.Cir. 1986); *Advanceme, Inc. v. Rapidpay, LLC*, 509 F.Supp.2d 593 (E.D. Tex. 2007) (citing *Insituform Techs., Inc. v. Cat. Contr., Inc.* 385 F.3d 1360 (Fed. Cir. 2004)).

[7] NVIDIA again relies on *DSU* – which describes burdens of *proof* , not *pleading* requirements – arguing here that "[t]o establish contributory infringement, the plaintiff must show that the defendant made the patented device, that the device has no substantial non-infringing uses, and that the defendant sold the device within the United States to a customer, whose use of the device constituted an act of direct infringement."  (Motion, at 7).  Contrary to NVIDIA's suggestion that Rambus should be required to plead such facts, the statute governing contributory infringement

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

### F. NVIDIA's Motion to Strike Portions of Rambus's Prayer for Relief is Meritless

NVIDIA also asks the Court, should it grant the motion to dismiss Rambus's claim for willful infringement, to strike Rambus's prayer for treble damages and attorney fees. (*See* Motion at 5 n. 2). NVIDIA's motion to strike depends on the same arguments as its motion to dismiss allegations that NVIDIA's infringement has been willful (*see id*. at 5 n. 2, 8), and should be rejected for the same reasons. Rambus reserves the right to seek and obtain increased damages and attorney fees on any appropriate basis.

### G. NVIDIA's Motion for a More Definite Statement Should Be Denied

NVIDIA alternatively asks the Court to order Rambus to "amend its complaint to provide a more definite statement." (Motion at 8). A motion for a more definite statement should be denied unless a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "An underlying aim of the Federal Rules is to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings." *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F.Supp.2d 260, 265 (E.D.N.Y. 2004) (internal quotation omitted). Therefore, "[i]f the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Beery v. Hitachi Home Elecs*., 157 F.R.D. 477, 480 (C.D. Cal. 1993). Accordingly, motions for a more definite statement are typically disfavored by the courts. *See, e.g., J&J Manuf. Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998).

As discussed *supra*, Rambus's complaint is sufficiently detailed that NVIDIA is fully capable of answering it, just as NVIDIA answered similar allegations in *Scanner Techs*. The few details NVIDIA argues should have been included in the complaint will be proper subjects of discovery in this matter. Moreover, the single case NVIDIA cites here – *Agilent Techs*. – weighs against NVIDIA's request because there the court *denied* a motion for a more definite statement regarding identification of a third party direct infringer. 2004 U.S. Dist. LEXIS 20723 at *16.

---

makes clear that all these factors are not even required to *prove* contributory infringement, let alone *plead* it. See 35 U.S.C. §271(c).

Case No. C-08-03343 SI                    Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

12

Accordingly, the Court should deny NVIDIA's motion, and allow this case to proceed without further delay.

### H. In the Alternative, Rambus Should be Granted Leave to Amend

Should the Court conclude that Rambus's complaint is deficient in any way, Rambus respectfully requests that the Court grant leave to amend the complaint to address any issues set forth in the Court's Order. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation omitted). Granting leave to amend would be particularly appropriate here because the allegations NVIDIA argues should be included in the complaint would be entirely consistent with Rambus's current allegations.

## IV. CONCLUSION

For the foregoing reasons, NVIDIA's motion to dismiss and to strike or, in the alternative, for a more definite statement should be denied. If, however, the Court grants NVIDIA's motion, Rambus should be granted leave to amend its complaint.

Respectfully submitted,

DATED: October 24, 2008

MCKOOL SMITH P.C.
THE TURNER LAW FIRM

By: /s/ *Pierre J. Hubert*
      Pierre J. Hubert

Attorneys for Plaintiff
RAMBUS INC.

**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201

Case No. C-08-03343 SI

Rambus Inc.'s Opposition to NVIDIA Corp.'s Motion to Dismiss and to Strike or for More Definite Statement

13