I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
DEBORAH E. FISHMAN (STATE BAR NO. 197584)
dfishman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

J. PETER COLL (NY STATE BAR NO. 1479492) (*Pro Hac Vice Pending*)
pcoll@orrick.com
KAREN D. THOMPSON (NY STATE BAR NO. 4242814) (*Pro Hac Vice Pending*)
kthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
Telephone: +1-212-506-5000
Facsimile: +1-212-506-5151

Attorneys for Defendant
NVIDIA Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAMBUS, INC.,

Plaintiff,

v.

NVIDIA CORPORATION,

Defendant.

Case No. C-08-03343 SI

**DEFENDANT NVIDIA CORPORATION'S REPLY TO RAMBUS'S OPPOSITION TO ITS MOTION TO DISMISS AND TO STRIKE, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Date: November 14, 2008
Time: 9:00 a.m.
Judge: Hon. Susan Illston

# I. INTRODUCTION

Because Rambus offers no reason why it cannot plead basic facts to support its claim of willful and indirect infringement of 15 patents, Nvidia's motion to dismiss should be granted. Rambus's First Amended Complaint ("FAC") asserts every conceivable theory of patent infringement for 15 patents[1] totaling more that 500 claims against NVIDIA's entire product line encompassing as many as 140 products with no underlying facts pled. Such a pleading is precisely the type of speculative pleading that the United States Supreme Court dismissed in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

To support its claim of willful infringement, Rambus does not identify any facts pled in its complaint, but instead reaches outside the allegations of its complaint and contends that NVIDIA's own antitrust case demonstrates that it had knowledge of Rambus's patents. Nvidia's antitrust complaint does not cure the defects of Rambus's pleading nor does it support Rambus's contention of prior knowledge of the asserted patents in suit. Rambus noticeably omits reference to any passage in either the North Carolina antitrust complaint or in underlying licensing negotiations reflecting that Nvidia had knowledge of the asserted patents before the filing of Rambus's instant lawsuit. Rambus's claims for indirect infringement likewise fail to satisfy the minimal pleading requirements by failing to provide Nvidia with fair notice of the allegations against it.

# II. ARGUMENT

## A. *Rambus Must Provide Factual Allegations*

Rambus argues it need not plead specific facts to give fair notice of its claim or the grounds upon which the claim rests.[2] Instead, it contends that it only needs to plead facts sufficient to put NVIDIA on notice of what to defend, and only with enough detail to allow NVIDIA to answer.[3] But *Bell Atlantic* held that factual allegations are necessary to give notice of the grounds underlying the claim before launching into costly and unfocused discovery. Claims

[1] Rambus originally asserted infringement of seventeen patents but later entered a covenant not to sue on two of the seventeen patents.

[2] *See* Rambus Opposition at 4, citing to *Bell Atlantic*, 127 S. Ct. at 1965 n.3 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[3] *See* Rambus Opposition at 4.

without a factual basis fail to cross the line from conceivable to plausible and should be dismissed.[4] Because Rambus fails to provide such a factual basis for its claims of willful and indirect infringement, those claims should be dismissed.

### B. Rambus's Willful Infringement Claim Is Insufficient

Rambus incorrectly claims that it sufficiently pled willful infringement.[5] Rambus asserts that its complaint is acceptable under the Magistrate's ruling in *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 73033 (E.D. Tex. Sept. 24, 2008), and because, it says, NVIDIA's knowledge of the patents in suit should be implied.

Rambus does not identify, however, any facts to support a claim of willful infringement. Indeed, Rambus has not alleged that NVIDIA had knowledge, or engaged in "reckless disregard" of Rambus' patents, and has not asserted any facts to support such an inference. Moreover, three of the asserted patents did not even issue until 2008, and Rambus alleges no facts identifying how NVIDIA would have learn of those patents before the filing of this lawsuit. (Rambus Complaint at ¶¶ 19, 20, 21)

First, *FotoMedia* is a nonbinding decision that was incorrectly decided and is not applicable to this case in any event. *FotoMedia* was decided by Magistrate Judge Charles Everingham in the Eastern District of Texas and adopts unpublished recommendations. In addition, *FotoMedia* is inapplicable here since Rambus, unlike the plaintiff in *Fotomedia*, has *not* alleged that defendant acted in "reckless disregard" of their patent rights.[6]

Second, Rambus claims that NVIDIA's knowledge of the patents in-suit should be implied from the existence of its Nvidia's antitrust lawsuit against Rambus in the Middle District of North

---

[4] *Bell Atlantic*, 127 S. Ct. at 1974.

[5] Rambus Opposition at 5.

[6] *See* Rambus Opposition, Ex. B at ¶¶ 22, 26, 30. Unlike Rambus, the *FotoMedia* plaintiffs had a good faith basis for alleging defendants acted in "reckless disregard" of their patent rights. They did not claim that every defendant that directly infringed also willfully infringed. Plaintiff names AOL, Yahoo, PhotoBucket, Shutterfly, and CNET Networks as direct infringers on all three of its patents, but only alleges that AOL and Yahoo willfully infringed the three patents, and Shutterfly one of the patents. If a good faith basis for alleging willful infringement was not required, FotoMedia plaintiff could have asserted willful infringement against all the defendants on each patent. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir 2007) (requiring "good faith basis for alleging willful infringement" "when a complaint (hereafter "NVIDIA antitrust complaint"), is filed.").

Carolina.[7] But these facts are not pled and are an impermissible inference. In any event, even if the court considered Nvidia's pending antitrust case, the existence of the case does not support a willfulness claim. Nowhere in Nvidia's antitrust complaint does it identify or allege that it had knowledge of the particular Rambus patents asserted in this patent litigation and, noticeably, Rambus fails to identify any passage of Nvidia's antitrust complaint or any underlying facts to suggest otherwise.[8]

Despite Rambus' allegations, it has not pled a single fact demonstrating that NVIDIA knew of the specific patents asserted. Asserting *willful infringement* is not the same as *actually alleging knowledge of the patent*, the former is a "legal tautology" while the latter is a "factual allegation."[9] Rambus's complaint only *asserts* willful infringement, it does not *allege* knowledge. If Rambus cannot in good faith allege facts that NVIDIA had knowledge of the patents in-suit, then the claim of willful infringement should be dismissed.

**C. <u>Rambus's Induced Infringement Pleading is Insufficient</u>**

Because Rambus has failed to allege that Nvidia had knowledge of its alleged infringement, its pleading for induced infringement likewise fails. Rambus does not contest that in order to prove its claim of induced infringement, it must show that Nvidia "knowingly induced infringement and possessed specific intent to encourage another's infringement."[10] Yet, Rambus contends that it has discharged its pleading obligation by simply alleging that Nvidia "actively induced and continues to actively induce others to infringe." (Rambus FAC at ¶ 34) Not once does Rambus use the word "knowingly," nor does it provide any factual basis for an allegation that Nvidia knew of its alleged infringement. In fact, Rambus's own citation to *CBT Flint Partners* – the sole post-*Bell* case that Rambus cites for its argument – demonstrates that a claimant must allege knowledge of the alleged infringement in order to satisfy its pleading

---

[7] Rambus Opposition at 5, fn 3.

[8] See NVIDIA's First Amended Complaint in the Middle District of North Carolina, attached hereto as Exhibit A.

[9] *F5 Networks, Inc v. A10 Networks, Inc.*, 2008 U.S. Dist. LEXIS 31319 at *4 (W.D. Wash. March 10, 2008)(dismissing claim that asserted willful infringement but did not allege knowledge); *see also Sentry Prot. Prods., Inc. v. Hero Prods., Inc.*, 400 F.3d 910, 918 (Fed. Cir. 2005).

[10] *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

obligations.[11]

Rambus fails to identify anything in its pleading that would cure this deficiency and instead suggests in a footnote that that NVIDIA's knowledge of the asserted patents (not even knowledge of its alleged infringement) should be inferred from extrajudicial documents, namely from Nvidia's antitrust suit against Rambus.[12] As discussed above, that lawsuit does not demonstrate prior knowledge of the asserted patents and without such knowledge, an accused infringer cannot have knowledge of its own alleged infringement sufficient to induce infringement.[13] Without some factual basis for asserting induced infringement on all 15 patents, Rambus does not provide NVIDIA "fair notice" of the "grounds on which the claim rests."[14]

Next, Rambus claims to allege the existence of third-party direct infringers but the complaint only speaks of "others" with no further detail. (*See* Rambus FAC at ¶¶ 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64 and 66.) Rambus argues that third-party direct infringers are implied because it seeks to enjoin "…,customers,…,OEMs, dealers, and distributors."[15] Even if this were true, Rambus does not allege which patents – if any – third-parties directly infringe. Bare statements of direct and indirect infringement without further facts do not demonstrate a plausible entitlement to relief.[16] Because Rambus does not allege which of its patents its patents are directly infringed by third-parties it does not demonstrate a plausible entitlement to relief.

Rambus incorrectly urges that its inducement claim is similar in detail to other complaints that were found sufficient. Unlike the present case, none of Rambus's cited cases involve claims with more than *two* patents.[17] Rambus says NVIDIA is capable of responding to its complaint

---

[11] *CBT Flint Partners v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376, 1379 (N.D.Ca. 2007).
[12] Rambus Opposition at 9 n. 4 referring to NVIDIA Antitrust Complaint.
[13] *See DSU Med Corp v. JMS.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).
[14] *Bell Atlantic*, 127 S. Ct. at 1965 n. 3; *see also Erickson v. Prdus*, 127 S. Ct. 2197, 2200 (2007).
[15] Rambus Opposition at 10.
[16] *See Anticancer Inc., v. Xenogen Corporation, et al.*, 248 F.R.D. 278, 282 (S.D. Cal 2007).
[17] *See Jackson v. Illinois Bell Tell. Co.*, No. 01-C-8001, 2002 U.S. Dist. Lexis 13186 (N.D. Ill. July 8, 2002)(asserting one patent); *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 U.S. Dist. Lexis 2073 (S.D.N.Y. 2004)(asserting two patents); *Windy City Innovations, LLC v. Am. Online*, 227 F.R.D. 278 (N.D. Ill. 2005)(asserting one patent); *CBT Flint Partners v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376 (N.D. Ga. 2007)(asserting two patents); *Scanner Technologies, Corp. v. NVIDIA Corporation*, No. 9:06-cv-00205-RC-KFG (E.D. Tex.)(asserting two patents).

because NVIDIA answered the complaint in *Scanner Technologies*. That was entirely different, as it involved two patents and was related to an extremely complex set of proceedings with an established history.[18]

The present case is closer to *In re Papst Licensing*,[19] which required a more definite statement because the plaintiff claimed infringement for 20 patents totaling 503 patent claims, by as many as a hundred of defendant's products. Here, Rambus's complaint alleges infringement of 15 patents totaling 512 patent claims, by as many as 140 NVIDIA products. Moreover, Rambus asserts every theory of infringement on all 512 patent claims.[20] In fact, this court has held that similar factual scenarios do not provide defendants with "fair notice" of plaintiff's claims.[21] Here, as in *Papst Licensing* and *Intergraph*, some specificity is needed to allow NVIDIA to answer the complaint.

### D. <u>Rambus's Contributory Infringement Claim is Insufficient</u>

Rambus's complaint alleges that NVIDIA "has contributed and continues to contribute to" infringement because NVIDIA has sold or offered for sale the accused products. But Rambus has failed to plead that the accused devices have no substantial non-infringing uses and that use of these devices constituted an act of direct infringement. Indeed, these elements are essential to proving contributory infringement.[22] Rambus disputes that *DSU Med Corp.* establishes pleading requirements and urges these requirements are only burdens of proof, but offers no case law interpreting *DSU Med. Corp.* this narrowly.

Moreover, Rambus's reliance on *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir.

---

[18] *See Scanner Technologies v. ICOS. Visions Sys*. Corp. N.V., 528 F.3d 1365 (Fed. Cir. 2008).

[19] *In re Papst Licensing*, 2001 U.S. Dist Lexis 2255 (E.D. La. February 22, 2001)(holding "complaint must be amended to specifically identify [defendant]'s products which [plaintiff] alleges infringe upon one or more claims of each of the twenty patents.")

[20] Rambus's claim for products including SDR, DDR, DDR2, DDR3, GDDR3 is not a limitation. on the number of alleged infringing products. The list is not exclusive and identifies the universe of standard memory controllers. It is equivalent to the claim in *Papst Licensing* that alleged all IBM products containing hard disk drives infringe.

[21] *See Hewlett-Packard Company v. Intergraph Corp.*, 2003 U.S. Dist. LEXIS 26092 (N.D. Cal. September 6, 2003)(dismissing complaint for contributory and induced infringement because Form 16 style did not adequately provide defendants with "fair notice.").

[22] *See*, e.g., *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, No. H-05-1634, 2007 U.S. Dist. LEXIS 30536, at *6 (S.D. Tex. April 25, 2007)(citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006)).

2007) in support of the sufficiency of its claim is misplaced. *McZeal* cannot sustain Rambus's complaint, however, because it applies to *pro se* litigants. *Id*. The Federal Circuit specifically held in that case that plaintiff met the "low bar" pleading requirements for *pro se* litigants. *Id.* at 1358. Further, *McZeall* did not address the sufficiency of pleading indirect infringement or willfulness, only direct infringement.

**III. RAMBUS'S PRAYER FOR ATTORNEY FEES BASED ON AN ASSERTION THAT THIS CASE IS"EXCEPTIONAL" SHOULD BE STRICKEN IN THE ABSENCE OF A FACTUAL BASIS**

Rambus relies on its claim of willful infringement to warrant recovery of attorney fees. Because Rambus cannot point to any factual allegations of NVIDIA's knowledge of its patents, Rambus has not adequately pled willfulness. To the extent Rambus's prayer for attorney fees is intended to be based on any other wholly-unpleaded facts, the prayer should be stricken.[23] Should this Court dismiss Rambus's willful infringement claim, the Court should also strike Rambus's prayer for attorney fees.

**IV. IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE RAMBUS TO AMEND ITS CLAIMS TO PROVIDE A MORE DEFINITE STATEMENT**

Rule 12(e) clearly states relief is appropriate when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading…" Fed. R. Civ. P. 12(e). Rambus neither provides facts to support a willfulness claim, nor notice of the grounds on which its willfulness claim rests. Its claims of indirect infringement lack sufficient factual support and are overbroad and unduly burdensome. Rambus's FAC therefore fails to provide NVIDIA with fair notice allowing response and should either be dismissed or amended to provide a more definite statement of the claim being asserted.

[23] *Nichia Corp. Corp. v. Seoul Semiconductor, Ltd.*, 2006 U.S. Dist. LEXIS 29959 (N.D. Cal. May 9, 2006) (striking prayer for treble damages where no facts were alleged to support willfulness and complaint did not "include any other allegation that, if proven, might support an award of treble damages.").

## V. CONCLUSION

Rambus has not sufficiently pled its claims for willful infringement, induced infringement, or contributory infringement. As a result, the Court should dismiss those claims and strike the related prayers for relief. In the alternative, Nvidia respectfully requests that the Court require Rambus to amend it complaint to provide proper notice of the claims asserted.

Dated: October 31, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Deborah E. Fishman /s/*
Deborah E. Fishman
Attorneys for Defendant
NVIDIA CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2008.

Dated: October 31, 2008

Respectfully submitted,

/s/ *Deborah E. Fishman* /s/
Deborah E. Fishman