IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMBUS, INC.<br><br>        Plaintiff,<br><br>  v.<br><br>NVIDIA CORPORATION,<br><br>        Defendant.                  / | No. C 08-3343 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TO STRIKE, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

      Defendant's motion to dismiss is scheduled for a hearing on November 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, the Court hereby DENIES defendant's motion to dismiss and to strike and for a more definite statement.

**BACKGROUND**

      Plaintiff is a corporation that develops "memory interface solutions that enable higher performance and system bandwidth for a broad range of electronic, computing and networking applications for consumers and businesses." First Amended Complaint ¶ 1.[1] Plaintiff alleges that it "licenses its technologies to various customers, who then incorporate them into various products." *Id.* ¶ 10. The technologies include memory controllers, memory components, memory modules, and

---

[1] Plaintiff filed the first amended complaint the same day as the initial complaint. The two documents appear to be identical except that the first amended complaint attaches as exhibits copies of the patents-in-suit.

memory systems.

Plaintiff alleges that defendant NVIDIA has been and is infringing, contributing to the infringement of, and/or actively inducing others to infringe fifteen[2] patents assigned to Rambus. *Id.* ¶ 5. The complaint alleges,

> Upon information and belief, NVIDIA has made, used, sold, imported and/or offered for sale, and/or continues to make, use, sell, import and/or offer for sale, products in the United States consisting of or including SDR (Single Data Rate) memory controllers, DDR (Double Data Rate) memory controllers, DDRx memory controllers (where DDRx includes at least DDR2 and DDR3), GDDR (Graphics Double Data Rate) memory controllers, and/or GDDRy memory controllers (where GDDRy includes at least GDDR3) (collectively "Accused Products"). Accused Products include chipsets, graphics processors, media communication processors, multimedia applications processors and/or products that are part of NVIDIA's "GeForce," "Quador," "nForce," "Tesla," "Tegra," and/or "GoForce" product lines.

*Id.* ¶ 11. The complaint alleges that defendant's infringement "has been and is willful, deliberate and in disregard of Rambus' patent rights . . . ." *Id.* ¶ 31. The complaint alleges, for each of the patents-in-suit, that defendant has directly infringed the patents "and/or has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents . . . and/or has actively induced and continues to actively induce others to infringe [the patents-in-suit]." *See, e.g.*, *id.* ¶ 34. Plaintiff seeks monetary and injunctive relief, including treble damages and attorneys' fees due to defendant's willful infringement and the "exceptional nature of this case." *Id.* Prayer for Relief ¶¶ D, E.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal of a complaint may be based "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

---

[2] The complaint alleges infringement of seventeen patents. However, after filing this lawsuit, plaintiff filed a Notice of Covenant Not to Sue regarding two of the patents-in-suit. *See* Docket No. 39.

1990). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Two provisions of the Federal Rules of Civil Procedure address the problem posed by a vague or confusing complaint. Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965.

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *see also Bell Atlantic*, 127 S.Ct. at 1971 n.10. Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent. *See Phonometrics*, 203 F.3d at 794.

**DISCUSSION**

**I.    Willful infringement**

Defendant moves to dismiss plaintiff's claims of willful infringement because plaintiff does not allege that defendant knew or should have known that its activities had a high likelihood of infringing the asserted patents. Relatedly, defendant moves to strike plaintiff's request for treble damages and attorneys' fees, which are only available for willful infringement and "exceptional" cases. Plaintiff responds that the complaint sufficiently alleges that defendant willfully infringed the Rambus patents

3

because the complaint alleges that "Defendant's infringement of the Rambus Patents . . . has been and is willful, deliberate and in disregard of Rambus' patent rights . . . ." FAC ¶ 31.

The Court agrees with plaintiff, and finds that it is sufficient to allege that defendant's infringement has been "deliberate" and in "disregard" of the patents. *See State Indus. Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1237 (Fed. Cir. 1986) (holding that willful infringement requires a determination that "the infringer acted in disregard of the patent"); *cf. Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1414 (Fed. Cir. 1996) (stating one of factors for determining willfulness is whether infringer "deliberately" copied ideas or invention of another). While plaintiff's complaint could be more factually detailed, the Court finds that it sufficiently alleges willful infringement. The cases defendant relies on are distinguishable in that they either involve complaints that did not contain any allegation to support treble damages, *Nichia Corp. v. Seoul Semiconductor, Ltd.*, 2006 WL 1233148, at *2 (N.D. Cal. May 9, 2006), or they address what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter. *See, e.g.*, *In re Seagate Technology*, *LLC*, 460 F.3d 1360 (Fed. Cir. 2007).[3]

## II. Induced infringement

Next, defendant moves to dismiss plaintiff's claims for induced infringement because the complaint does not allege that defendant "knowingly" induced infringement. However, as defendant acknowledges, the complaint alleges that defendant "actively induced and continues to actively induce others to infringe." FAC ¶ 34. The Court finds that alleging that defendant "actively induced" is tantamount to alleging that defendant knowingly induced infringement. Defendant also suggests that plaintiff is required to specifically identify the third parties who have infringed, as provide more detailed

---

[3] Plaintiff also argues that defendant "has already demonstrated that it understands the basis of Rambus's willful infringement allegations sufficiently to enable it to answer" because the day after this lawsuit was filed, defendant filed an antitrust and unfair competition action against plaintiff in North Carolina. Opposition at 5 n.3; Campione Decl. Ex. D. In that lawsuit, NVIDIA alleges that before filing this patent infringement case, Rambus demanded that NVIDIA license Rambus' patents. *Id.* Thus, plaintiff asserts, NVIDIA's own allegations acknowledge that NVIDIA had knowledge of Rambus' patents. The Court finds it inappropriate to consider pleadings from other lawsuits to analyze whether plaintiff's complaint is sufficiently pled.

4

1 factual allegations regarding defendant's inducement of such third party infringement. Defendant does 2 not cite any authority for the proposition that a complaint must identify the third party infringers, and 3 the cases cited by defendant are distinguishable. *See, e.g.*, *Goss Intern. Americas, Inc. v. MAN Roland,* 4 *Inc.*, 2008 WL 3823707, at*1 (D.N.H. Aug. 15, 2008) (complaint did not allege infringement by any 5 third parties); *Hewlett-Packard Corp. v. Intergraph Corp.*, 2003 WL 23884794, at *1-2 (N.D. Cal. Sept. 6 6, 2003) (same).

### III. Contributory infringement

Finally, defendant contends that plaintiff has failed to plead essential elements of a claim for contributory infringement. The complaint alleges that defendant "has contributed to and continues to contribute to" infringement, and that defendant has sold or offered for sale the Accused Products. FAC ¶ 34. Defendant argues that to state a claim for contributory infringement, plaintiff must also plead that the accused devices have no substantial non-infringing uses and that use of these devices constituted an act of direct infringement.

Plaintiff argues that the cases defendant relies on address proof, not pleading, and that the complaint sufficiently alleges a claim of contributory infringement. The Court agrees, and finds that while plaintiff's complaint is rather conclusory, it is sufficient to withstand a motion to dismiss. *See, e.g.*, *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F. Supp. 93 (W.D.N.Y. 1996) (denying motion to dismiss contributory infringement claim where complaint alleged supplier infringed claims of patent by selling parts which were used by others in devices within scope of patent); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, 2004 U.S. Dist. LEXIS 14035, at *7 (N.D.Ill. July 21, 2004) (holding that a complaint that alleges "[d]efendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing" is sufficient).

### CONCLUSION

The Court concludes that the complaint is sufficient to withstand defendant's motion to dismiss. Plaintiff will be required to provide the additional factual information and legal contentions pursuant to the Local Patent Rules and in discovery. For the foregoing reasons, the Court DENIES defendant's

5

motion to strike and to dismiss. (Docket No. 34).

**IT IS SO ORDERED.**

Dated: November 13, 2008

SUSAN ILLSTON
United States District Judge