**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAMBUS, INC.,                                        No. C 08-3343 SI

          Plaintiff,                          **ORDER GRANTING IN PART AND**
  v.                                                     **DENYING IN PART DEFENDANT'S**
                                                                **MOTION FOR STAY**
NVIDIA CORPORATION,

          Defendant.
_____/

      Defendant's motion to stay was submitted to Court without oral argument. Having considered the papers submitted, the Court hereby GRANTS in part and DENIES in part defendant's motion to stay.

**BACKGROUND**

      Plaintiff Rambus Inc. is a corporation that develops "memory interface solutions that enable higher performance and system bandwidth for a broad range of electronic, computing and networking applications for consumers and businesses." First Amended Complaint ¶ 1.[1] Plaintiff alleges that it "licenses its technologies to various customers, who then incorporate them into various products." *Id*. ¶ 10. The technologies include memory controllers, memory components, memory modules, and memory systems.

      Plaintiff alleges that defendant NVIDIA has been and is infringing, contributing to the

---

[1] Plaintiff filed the first amended complaint the same day as the initial complaint. The two documents appear to be identical except that the first amended complaint attaches as exhibits copies of the patents-in-suit.

infringement of, and/or actively inducing others to infringe fifteen[2] patents assigned to Rambus. *Id.* ¶ 5. The fifteen patents consist of two groups: six patents claiming technology invented by Rambus founders Michael Farmwald and Mark Horowitz (the "Farmwald/Horowitz" or "FH" patents), and nine patents claiming technology invented by Richard Barth and/or Frederick Ware, with others (the "Barth/Ware" patents).

The day after Rambus filed this patent lawsuit, defendant NVIDIA filed an antitrust lawsuit in the Middle District of North Carolina. That lawsuit, which has since been transferred to this District, alleges that Rambus' procurement and subsequent enforcement of the FH patents violates the Sherman Act. The North Carolina court transferred NVIDIA's antitrust action to this District on the ground that NVIDIA's antitrust claims properly belonged as counterclaims to Rambus' patent infringement claims in this case. Rambus has filed an administrative motion to relate the two cases, which NVIDIA does not oppose.[3] Rambus has also filed a motion to consolidate the two cases, which NVIDIA intends to oppose. The consolidation motion is scheduled for a hearing on February 6, 2009.

**DISCUSSION**

On November 6, 2008, Rambus filed a complaint in the United States International Trade Commission alleging infringement of the nine Barth/Ware patents. The parties agree that pursuant to 28 U.S.C. § 1659, litigation in this Court on the nine Barth/Ware patents is subject to a mandatory stay until the ITC issues a final decision. Accordingly, the Court GRANTS the motion to stay as to those nine patents.

NVIDIA also moves to stay litigation on the six FH patents on the grounds that those patents (1) appear to accuse many, if not all, of the same products at issue in the ITC; (2) Rambus has other

---

[2] The complaint alleges infringement of seventeen patents. However, after filing this lawsuit, plaintiff filed a Notice of Covenant Not to Sue regarding two of the patents-in-suit. *See* Docket No. 39.

[3] On December 4, 2008, Rambus filed an administrative motion to relate the transferred North Carolina action to this case. On December 5, 2008, NVIDIA filed a "response" to that motion stating that the motion was premature since the transferred case had not yet been docketed in this District. NVIDIA also stated that although it believed the two cases could be handled efficiently by different judges, NVIDIA did not oppose relating the two cases. However, NVIDIA stated that it did oppose consolidation of the two cases. The North Carolina action was docketed in this District on December 8, 2008. By separate order, this Court granted the administrative motion to relate the two cases.

United States District Court
For the Northern District of California

1    litigation pending in this District in which decisions are likely to issue in the near future and the

2    outcome of which may narrow the issues in dispute here; and (3) some of the six FH patents (and other

3    patents in the same family) are currently subject to reexamination proceedings before the U.S. Patent

4    and Trademark Office. NVIDIA argues that a stay will avoid wasteful duplication of efforts by the

5    parties and the Court and general inefficiencies in case management. NVIDIA also contends that a

6    complete stay is necessary because otherwise it will be prejudiced by being forced to simultaneously

7    respond to infringement actions both before the ITC and this Court.

8         The parties agree that the Court has discretion to stay the remainder of the patent litigation, and

9    that in evaluating the propriety of a stay, the Court should consider "the possible damage which may

10   result from the granting of a stay, the hardship or inequity which a party may suffer in being required

11   to go forward, and the orderly course of justice measured in terms of the simplifying or complicating

12   of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v.*

13   *Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Rambus opposes a stay of the balance of the case, arguing that

14   the FH patents are not in the same patent family as the Barth/Ware patents. Rambus argues that it will

15   be prejudiced by a complete stay because the proposed stay would remain in place until the ITC

16   investigation has been completed and run its full appellate course, if necessary, through the Federal

17   Circuit and beyond. Rambus argues that its ability to seek injunctive relief on the FH patents would be

18   limited if a stay was imposed because the FH patents-in-suit are set to expire in 2010 and 2011. Finally,

19   Rambus argues that it would be prejudiced because NVIDIA's proposed stay would only apply to the

20   patent litigation claims, and NVIDIA would be permitted to press its antitrust claims related to those

21   same patents.

22         The Court exercises its discretion and declines to stay the litigation on the FH patents. The

23   Court is concerned about the potential length of stay since the ITC proceedings were only recently

24   initiated and the stay will be in place until the ITC litigation has run its course. The Court is also

25   persuaded that it would be unfair to stay the patent infringement litigation on the FH patents while

26   allowing related antitrust claims to proceed. NVIDIA argues that its antitrust claims are not "mirror

27   images" of Rambus' patent infringement claims; while that may be true, the Court finds it would be

28   inequitable and inefficient to stay litigation of the patent infringement claims while proceeding with the

antitrust claims.

The Court is not unsympathetic to NVIDIA's desire to avoid litigating on multiple fronts simultaneously. The Court will address case management issues, and coordination of this action with the related antitrust action, at the January 30, 2009 case management conference. In addition, NVIDIA may renew its request for a stay, or raise issues related to how this patent infringement litigation is affected by the PTO reexamination proceedings and/or the cases pending before Judge Whyte, as is appropriate.[4]

### CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part defendant's motion to stay. (Docket No. 60). Litigation on the Barth/Ware patents is stayed until the ITC issues a final decision.

**IT IS SO ORDERED.**

Dated: December 30, 2008

SUSAN ILLSTON
United States District Judge

---

[4] The Court notes, for example, that *Rambus v. Hynix*, C 05-334 RMW is set for trial in January 2009, and that according to the parties, one of the ten patents in that case is identical to the patents asserted in this case. To the extent that the findings and rulings made in *Rambus v. Hynix* are relevant to the issues in this case, either party may make an appropriate motion with this Court.

United States District Court
For the Northern District of California