IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMBUS INC., | No. C 08-3343 SI; C 08-5500 SI |
| Plaintiff, | **TENTATIVE RULING RE: DEFENDANT'S MOTIONS FOR DISMISSAL OR SUMMARY JUDGMENT** |
| v. | |
| NVIDIA CORPORATION, | |
| Defendant. | |

Defendant's motion to dismiss and motion for partial summary judgment are scheduled for a hearing on March 13, 2009. After review of the parties' papers, the Court is inclined to deny defendant's motions without prejudice, and stay all proceedings in these consolidated cases until Federal Circuit's resolution of the appeals in *Micron Tech., Inc. v. Rambus, Inc.*, 255 F.R.D.135 (D. Del. 2009), and *Hynix Semiconductor v. Rambus Inc.*, Case No. 00-20905 RMW (3/10/09 Final Judgment, N.D. Cal.). The parties shall be prepared to discuss the propriety of a stay at the March 13, 2009 hearing.

**BACKGROUND**

On July 10, 2008, Rambus Inc. filed this complaint charging NVIDIA Corporation with infringing fifteen Rambus patents. *Id.* ¶ 5. The fifteen patents consist of two groups: six patents claiming technology invented by Rambus founders Michael Farmwald and Mark Horowitz (the "FH" patents), and nine patents claiming technology invented by Richard Barth and/or Frederick Ware, with others (the "Barth/Ware" patents). The day after Rambus filed this patent lawsuit, NVIDIA filed an antitrust lawsuit against Rambus in the Middle District of North Carolina. In December, 2008, the North Carolina court transferred NVIDIA's antitrust action to this District on the ground that NVIDIA's

antitrust claims properly belonged as counterclaims to Rambus' patent infringement claims in this case. This Court ordered consolidation of the two cases.

On November 6, 2008, Rambus filed a complaint against NVIDIA in the United States International Trade Commission alleging infringement of the nine Barth/Ware patents. On December 4, 2008, NVIDIA moved to stay litigation on all of Rambus' infringement claims in this action, on the ground that the ITC proceedings automatically stayed litigation on the Barth/Ware patents pursuant to 28 U.S.C. § 1659, and that, *inter alia*, the FH patents involved many of the same products involved in the ITC proceedings. By order filed December 30, 2008, this Court granted NVIDIA's motion to stay as to the Barth/Ware patents, but allowed litigation on the FH patents to proceed because of the related antitrust claims. *See* Docket No. 76.

**DISCUSSION**

NVIDIA has filed a motion to dismiss and a motion for partial summary judgment. Both motions seek issue preclusion based on Judge Robinson's ruling in *Micron Tech., Inc. v. Rambus, Inc.*, 255 F.R.D.135 (D. Del. 2009), that Rambus spoliated evidence and had a widespread practice of destroying relevant documents as part of its patent litigation strategy. *See id*. at 150-51. Judge Robinson found that Rambus' document retention policy was implemented as a part of its general litigation strategy and that Rambus destroyed "innumerable documents relating to all aspects of Rambus' business" that were relevant and discoverable. *Id*. at 151. Judge Robinson held that Rambus' patents were unenforceable as a sanction for spoliation of documents. Defendant contends that issue preclusion is appropriate because the FH patents are from the same patent family as the patents litigated in Judge Robinson's case. Defendant argues issue preclusion also applies to the Barth/Ware patents because Rambus had a policy of regularly destroying documents related to any patent prosecution and because the Barth/Ware patents were based on the same memory technology as the FH patents.

Plaintiff opposes defendant's motions on numerous grounds, and also directs the Court to Judge Whyte's decision in *Hynix Semiconductor, Inc. v. Rambus Inc*., 591 F. Supp. 2d 1038 (N.D. Cal. 2006)

("*Hynix I*"), where he reached the opposite conclusion about Rambus' alleged misconduct.[1] In *Hynix I*, Hynix Semiconductor filed a lawsuit against Rambus seeking declaratory judgment of noninfringement, invalidity, and unenforceability of certain Rambus patents and alleged anti-trust claims. Rambus counter-claimed for infringement of the patents. In August 2005, Judge Whyte held a bench trial on Hynix's unclean hands defense, and on January 5, 2006, issued an order finding that Rambus did not engage in spoliation of evidence.

A review of the docket in *Hynix I* shows that after Judge Robinson's decision in *Micron Tech.*, Hynix and the other defendants in the related cases invoked the doctrine of issue preclusion and moved for summary judgment of unenforceability of the Rambus patents. On February 3, 2009, Judge Whyte entered an order staying proceedings in the three Related Cases (Docket No. 3896 in *Hynix I*, C 00-20905). Judge Whyte found that the patents held unenforceable by Judge Robinson were the same patents or in the same family of patents at issue in the litigation pending before him, and that "the inconsistency of this court's decision in *Hynix I* with that in the *Micron Del. Action* persuades the court that the [Related Actions] should be stayed pending the resolution of any appeal from the anticipated final judgment of unenforceability in the *Micron Del. Action*. The proceedings in *Hynix I* will continue to move forward as expeditiously as possible with the anticipation that any appeal from the judgment in that case will presumably be coordinated with any appeal in the *Micron Del. Action*." *Id*. at 3:10-15. Thereafter, the parties concluded the proceedings in *Hynix I*, and on March 10, 2009, Judge Whyte entered his final judgment in that action. It will, presumably, be appealed.

Based on these unusual circumstances, the Court finds it premature to rule on the preclusive effect, if any, of either Judge Robinson's or Judge Whyte's decisions, and that a stay of all proceedings is appropriate. The patents in suit are related to the Rambus patents held unenforceable by Judge Robinson in *Micron*. The Federal Circuit's resolution of Judge Robinson's decision in *Micron* and Judge Whyte's conflicting decision in *Hynix I* will be relevant – and potentially dispositive – to these proceedings. A stay will thus promote judicial economy and conserve the parties' and the judiciary's

---

[1] *Hynix I*, Case No. C 00-20905, is related to at least three other Rambus cases being heard by Judge Whyte (the "Related Cases"): Case Nos. C 05-00334 RMW, C-05-2298 RMW and C-06-00244 RMW. In all of those cases, Rambus accuses various entities – referred to in court orders as "manufacturers" – of infringing various Rambus patents.

3

resources.[2] In addition, the harm resulting from a stay will be minimal. This litigation is already partially stayed due to the ITC proceedings, and indeed NVIDIA previously sought a stay of all the patent infringement claims.

Accordingly, the parties are directed to discuss the propriety of a stay of all proceedings in these consolidated cases pending the Federal Circuit's resolution of the enforceability of Rambus' patents in *Micron* and *Hynix I*.

**IT IS SO ORDERED.**

Dated: March 11, 2009

SUSAN ILLSTON
United States District Judge

---

[2] The trial court possesses inherent authority to control its docket, including the power to stay pending litigation. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).