IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMBUS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NVIDIA CORPORATION,<br><br>　　　　Defendant.　　　　　　　／ | Nos. C 08-3343 SI, C 08-5500<br><br>**ORDER RE: DISCOVERY AND DENYING DEFENDANT'S MOTION FOR STAY** |

At the March 20, 2009 case management conference, the Court directed the parties to submit a discovery plan by April 3, 2009. The parties have been unable to agree on a joint discovery plan, and have submitted competing plans to the Court. Defendant has also filed another motion to stay this action. The Court has reviewed the parties' submissions, and for the reasons set forth below, DENIES defendant's motion to stay and largely adopts defendant's proposed discovery plan. The Court also intends to refer these consolidated cases to Ret. Judge Infante for discovery purposes, subject to plaintiff's consent and Judge Infante's availability.

As discussed at the March 20, 2009 case management conference, the Court finds that a complete stay of these cases is inappropriate in light of the ongoing ITC proceeding. However, because the Federal Circuit's resolution of the appeals in *Micron Tech., Inc. v. Rambus, Inc.*, 255 F.R.D.135 (D. Del. 2009), and *Hynix Semiconductor v. Rambus Inc.*, Case No. 00-20905 RMW (3/10/09 Final Judgment, N.D. Cal.), will be relevant – and potentially dispositive – to these cases, the Court believes that it will be most efficient and fair to stay motion practice and allow only limited discovery to proceed at this juncture. Accordingly, the Court DENIES defendant's motion for stay, and DENIES all other

pending motions without prejudice to renewal after resolution of the Federal Circuit appeals. (Docket Nos. 80, 85, 113).

The parties agree that should discovery go forward at this time, a Special Master should be appointed to oversee discovery. Plaintiff proposes Hon. Read Ambler (retired) because Judge Ambler has served as a Special Master in several other cases involving Rambus and thus is likely to be familiar with issues that will arise in this case. Defendant agrees that Judge Ambler is amply qualified, but proposes Hon. Edward Infante (retired) because he may bring a "fresh perspective." The Court finds both individuals would be excellent, but understands defendant's desire to work with someone who has not been involved in the Rambus litigation. Accordingly, the Court announces its intention to appoint Judge Infante as a Special Master for discovery purposes pursuant to Federal Rule of Civil Procedure 53, with the cost of Judge Infante's services to be split evenly between the parties. Plaintiff shall inform the Court by **April 17, 2009** if plaintiff consents to the appointment. If plaintiff does not consent to the appointment of Judge Infante, the parties shall meet and confer and submit to the Court by **April 24, 2009** a list of three mutually acceptable individuals who could serve as a Special Master. If plaintiff agrees to the appointment of Judge Infante as a Special Master, the Court will issue a separate order regarding Judge Infante's appointment.

The parties also disagree on the terms of a protective order, as well as the scope and pace of discovery. Plaintiff proposes that the parties use the Northern District of California's model protective order, while defendant contends that the parties should use the protective order that the parties are currently negotiating in the ITC proceeding in order to avoid potentially conflicting protective orders. Although defendant's concern about dueling protective orders is well-taken, the Court does not want to delay the entrance of a protective order. Accordingly, the parties shall file a proposed protective order based on the model protective order (without any of the parties' proposed modifications)[1] no later

---

[1] For example, the protective order should not limit the number of in-house counsel who may access confidential information, and should include both the "competitive decision-making" limitation as well as the patent prosecution limitation. With respect to the patent prosecution limitation, that limitation shall extend to "memory interfaces for DRAM devices" unless the parties can agree on other language. The patent prosecution limitation shall not include the phrase "or drafting of patent claims directed to memory interfaces for DRAM devices." Finally, the protective order shall not restrict review of documents produced in the ITC proceeding to outside counsel only.

than **April 17, 2009**. Once the protective order has been finalized in the ITC proceeding, either party may request of the Special Master that the protective order in these cases be modified to conform to the ITC protective order.

With regard to the scope and pace of discovery, the Court largely adopts defendant's proposal. The Court agrees with defendant that discovery should be initially limited to document production in order to minimize burden and inefficiency. In August 2009, the Court will hold a case management conference to determine the next steps in the case management plan. Accordingly, the Court ORDERS as follows:

1. By **May 1, 2009**, the parties shall produce to each other all documents and other materials produced in the ITC proceeding.

2. By **June 15, 2009**, the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

3. During this initial four month phase, discovery will be limited to document production. No depositions or written discovery will take place, and the Patent Local Rules will also be suspended.

4. The Court will hold a case management conference on **August 21, 2009** at 3:00 pm. Prior to that case management conference, the parties shall meet with the Special Master to discuss a plan for the next phase of discovery. The parties shall submit a joint case management conference statement by **August 14, 2009**.

**IT IS SO ORDERED.**

Dated: April 13, 2009

SUSAN ILLSTON
United States District Judge