1  [counsel identified on signature page]
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMBUS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>NVIDIA CORPORATION,<br><br>        Defendant.<br><br>and<br><br>NVIDIA CORPORATION<br><br>        Plaintiff,<br><br>   v.<br><br>RAMBUS, INC.,<br><br>        Defendant. | Case No.  C-08-03343 SI<br>Case No.  C-08-05500 SI<br><br>**STIPULATION AND [PROPOSED] ORDER** |

Stipulation and [Proposed] Order
(Case Nos. C-08-03343 SI and C-08-05500 SI)

On April 13, 2009, the Court entered an Order re: Discovery and Denying Defendant's Motion for Stay (Docket No. 120, C-08-03443) (the "Discovery Order"). The parties hereby stipulate as follows:

1. Pursuant to the Discovery Order, on May 1, 2009, each party granted to the other party access in these actions to discovery materials each party had produced as of that date in the ITC Action.

2. Pursuant to the Discovery Order, the parties are engaged in a continuing meet and confer with respect to the proper interpretation and application of the Discovery Order's provision that "the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation." Discovery Order at page 3, par. 2. Though the parties have made significant progress on several issues and are continuing to meet and confer with respect to their disagreements, the parties presently disagree regarding (1) what constitutes "relevant previous and pending litigation," including what the term "relevant" means in this context, and also disagree regarding (2) the scope of materials that should be produced from those cases, including the extent to which the Discovery Order requires the production of discovery materials from entities and individuals other than NVIDIA or Rambus. Nevertheless the parties agree to this Stipulation in an attempt to conserve resources with respect to the June 15th production. Each party specifically reserves its right after June 15th to seek the Court's assistance regarding the Discovery Order, including, among other things, with respect to (1) and (2) above, including enforcement of obligations of the Discovery Order provision governing the June 15 production if the parties are unable to resolve their disagreements through their ongoing meet and confer.

3. While the parties continue to meet and confer, they have agreed that by June 15, 2009, each of Rambus and NVIDIA shall produce to the other the documents it produced (not including discovery materials from entities and individuals other than NVIDIA or Rambus), its responses to requests for admission and interrogatories, transcripts of and exhibits to depositions of its employees and former employees, trial transcripts and admitted trial exhibits in the Rambus Cases and NVIDIA Cases listed below, respectively, but only such materials i) as to which the

producing party no longer maintains any claim of privilege or other protection from disclosure, ii) to which the producing party has not already granted access in these actions, and iii) as to which any issues of third party confidentiality have been resolved:

Rambus Cases:

- *Rambus Inc. v. Infineon Tech. AG*, Case No. Civ.A. 3:00-CV-524 REP (E.D. Va. 2000);

- *Micron Tech. Inc. v. Rambus Inc.*, Case No. Civ. 00-792-SLR (D. Del. 2000);

- *Samsung Elecs. Co., Ltd., et al. v. Rambus, Inc.*, Court of Chancery of the State of Delaware, Case No. 1454-N;

- *Hynix Semiconductor Inc. v. Rambus Inc.*, Case No., 5:00-CV-20905 RMW (N.D. Cal. 2000);

- *FTC v. Rambus Inc.* (2002);

- *Rambus Inc. v. Micron Tech., Inc., Micron Semiconductor Prods., Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Siemens AG, Siemens Corp., Infineon Techs. AG, Infineon Techs North America Corp.*, Case No. CGC-04-431105 (Cal. Sup. Ct. 2004);

- *Samsung Electronics Co. v. Rambus Inc.*, Case No. 3:05-CV-406 REP (E.D. Va. 2005);

- *Rambus Inc. v. Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor Manufacturing America, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, L.P., Nanya Tech. Corp., Nanya Tech. Corp. U.S.A.*, Case No. CV-05-00334 RMW (N.D. Cal. 2005);

- *Rambus Inc. v. Samsung Electronics Co.*, Case No. 5:05-CV-2298 RMW (N.D. Cal. 2005); and

- *Rambus Inc. v. Micron Tech. Inc.*, Case No. 5:06-CV-244 RMW (N.D. Cal. 2006).

NVIDIA Cases:

- *In re Graphics Processing Units Antitrust Litigation*, M:07-cv-01826 WHA (N.D. Cal.) (MDL No. 1826) and constituent cases involving NVIDIA; Department of Justice Subpoena and Investigation and Civil Cases;[1]

- *Opti Inc. v. NVIDIA*, 2:2004-cv-00377-JTW (E.D. Tex.);

- *American Video Graphics L.P. v. Hewlett-Packard Co.*, 2:05-cv-00121-LED (E.D. Tex.)

---

[1] The parties agree that with respect to the cases identified in this bullet, the date for production shall be July 15, 2009, rather than June 15, 2009.

1      •   *SGI v. NVIDIA*, 1:98-cv-00188-RRM (D. Del.);

2      •   *S3, Inc. v. NVIDIA*, 4:98-cv-01938-SBA (N.D. Cal.);

3      •   *Nvidia v. S3 Incorporated*, 3:99-cv-5217-VRW (N.D. Cal.);

4      •   *Microlinc LLC v. Intel Corp.*, 2:07-cv-488-LED (E.D. Tex.) and *Microlinc, LLC v. Acer America Corp.*, 2:05-cv-514-TJW (E.D. Tex.);

•   *Lemelson Medical Ed. v. Nexfor Inc.*, 2:01-cv-2288-HRH (D. Arizona); and

•   The Rambus Cases referenced above in this paragraph.

       The parties further agree that any third party notices required to be sent before producing materials pursuant to paragraph 3 shall be sent no later than July 15, 2009, and the notice shall provide a period of 14 calendar days to object unless another period is specified in a protective order, other court order, or by a contractual agreement. The parties agree to work diligently to send such notices, to resolve confidentiality issues, and to produce the required materials. The parties agree to meet and confer with respect to any individual case for which a party represents it is not able to send third party notices by July 15, 2009.

       4. The parties further agree, without prejudice to any assertion that such production is or is not required by the Discovery Order, that by July 31, 2009, Rambus will produce to NVIDIA expert reports directed to alleged invalidity of any Rambus patents and NVIDIA will produce to Rambus expert reports directed to any of NVIDIA's products accused in this case (products consisting of or including SDR (Single Data Rate) memory controllers, DDR (Double Data Rate) memory controllers, DDRx memory controllers (where DDRx includes at least DDR2 and DDR3), GDDR (Graphics Double Data Rate) memory controllers, and/or GDDRy memory controllers (where GDDRy includes at least GDDR3)) from the cases referenced in paragraph 3, but only such materials i) as to which the producing party no longer maintains any claim of privilege or other protection from disclosure, ii) to which the producing party has not already granted access in these actions, and iii) as to which any issues of third party confidentiality have been resolved. The parties further agree that any third party notices required to be sent before producing materials pursuant to paragraph 4 shall be sent no later than July 31, 2009, and the notice shall provide a period of 14 calendar days to object unless another period is specified in a

Stipulation and [Proposed] Order
(Case Nos. C-08-03343 SI and C-08-05500 SI)     - 4 -

protective order, other court order, or by a contractual agreement. The parties agree to work diligently to send required third party notices, to resolve confidentiality issues, and to produce the required materials. The parties agree to meet and confer with respect to any individual case for which a party represents it is not able to send third party notices by July 31, 2009.

5. The parties further agree that although they have agreed to produce the materials referenced above, (a) the agreement shall not be construed as a waiver of a party's position that the Discovery Order requires the production of materials from any "relevant previous [or] pending litigation" and/or the production of materials produced by other parties or non-parties in any "relevant previous [or] pending litigation," and (b) the parties shall continue to meet and confer with respect to the extent to which the Discovery Order requires the production of materials produced in any "relevant previous [or] pending litigation" not listed in paragraph 3 and/or materials produced by other parties or non-parties in any "relevant previous [or] pending litigation".

6. The parties further agree that by producing the materials referenced in paragraphs 3 and 4, neither Rambus nor NVIDIA agrees (a) that any of the materials produced are "relevant" to these actions, or (b) that any case listed constitutes a "relevant previous [or] pending litigation" within the meaning of the Discovery Order. Discovery Order at page 3, par. 2. The parties further agree that the fact that a case is not listed in paragraph 3 or has not been asserted to be a "relevant previous [or] pending litigation" shall not be construed (a) to preclude a party from asserting that the case is a "relevant previous [or] pending litigation" from which materials should be produced pursuant to the portion of the Discovery Order governing the June 15th production, or (b) as a waiver of a party's right to take discovery with respect to that case, including pursuant to the Discovery Order's provision regarding "relevant previous and pending litigation." The parties further agree that nothing in this stipulation shall be deemed to waive a party's right to seek after June 15th, pursuant to the Discovery Order, discovery with respect to a "relevant previous [or] pending litigation." The parties agree to meet and confer with respect to any other case that is asserted to be a "relevant previous [or] pending litigation."

1    7.  Each party reserves the right to discuss the effect of this stipulation on future case
2    management and scheduling.

3
4    Dated: June 11, 2009                    ORRICK, HERRINGTON & SUTCLIFFE LLP
5
6    _____ /omb by permission
     I. Neel Chatterjee
7    Attorneys for NVIDIA Corporation

8    1000 Marsh Road
     Menlo Park, CA 94025
9    Telephone: (650) 614-7400
     Facsimile:  (650) 614-7401
10   Email: nchatterjee@orrick.com

11   Dated: June 11, 2009                    MCKOOL SMITH
12
13
14   _____ /omb by permission
     Pierre Hubert
15   Attorneys for Rambus Inc.

16   300 West 6th Street, Suite 1700
     Austin, TX 78701
17   Telephone: (512) 692-8700
     Facsimile:  (512) 692-8744
18   Email: phubert@mckoolsmith.com

19
20   **SO ORDERED:**

21   Dated: June __, 2009
22                                            _____
                                              HONORABLE SUSAN ILLSTON
23                                            United States District Judge
24
25
26   OHS West:260676050.1
     15075-2017 DAG/DAG
27
28

Stipulation and [Proposed] Order
(Case Nos. C-08-03343 SI and C-08-05500 SI)           - 6 -