[COUNSEL IDENTIFIED ON SIGNATURE PAGE]

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

RAMBUS INC.,

Plaintiff,

v.

NVIDIA CORPORATION,

Defendant.

NVIDIA CORPORATION,

Plaintiff,

v.

RAMBUS INC.,

Defendant.

Case No. C-08-03343 SI

**SUPPLEMENTAL JOINT FILING REGARDING CASE MANAGEMENT ORDER**

Judge: The Hon. Susan Illston

Case No. C-08-05500 SI

Following the Case Management Conference held September 2, 2010, Rambus Inc. ("Rambus") and NVIDIA Corporation ("NVIDIA") submitted on September 8, 2010 their respective proposals regarding a scheduling and case management order. (*See* Joint Filing Regarding Case Management Order (Dkt. No. 151).) On September 9, 2010, the Court issued a Minute Order dated September 1st, providing that "counsel shall prepare a scheduling order." (Dkt. No. 152.) On September 28, 2010, the Court's clerk instructed the parties to submit a proposed order that amends the Court's April 13, 2009 Order.

Rambus's supplemental proposal is attached hereto as **Exhibit A**, and includes a redline comparison (**Exhibit A-3 hereto**) of Rambus's proposed order to the Court's April 13, 2009

Order.

NVIDIA's proposal is attached hereto as **Exhibit B**, and includes its proposed order (Exhibit B-1) and a redline comparison (Exhibit B-2) to the Court's April 13, 2009 Order.

Respectfully submitted,

Dated: October 5, 2010

MCKOOL SMITH P.C.
CROWELL & MORING LLP

By: */s/ Pierre J. Hubert*
Pierre J. Hubert
300 West 6th Street, Suite 1700
Austin, Texas 78701
Phone: 512/692-8700
Facsimile: 512/692-8744
Email: phubert@mckoolsmith.com

Attorneys for Plaintiff
RAMBUS INC.

Dated: October 5, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ I. Neel Chatterjee*
I. Neel Chatterjee
1000 Marsh Road
Menlo Park, California 94025
Phone: 650/614-7400
Facsimile: 650/614-7401
Email: nchatterjee@orrick.com

Attorneys for Defendant
NVIDIA CORPORATION

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: October 5, 2010

Respectfully submitted,

By: */s/Pierre J. Hubert*
Pierre J. Hubert

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT A**

**RAMBUS'S PROPOSAL**

**Rambus's proposal allows for broad cross-production of non-privileged, non-protected materials from the ITC investigation – an investigation involving the same two parties and some of the same patents – consistent with the Court's April 2009 order. NVIDIA now indicates that it will not agree to broad cross-production, claiming it needs more time to evaluate, even though it has had several weeks to do so and the production deadline is less than two and a half months away. So the parties are now in a situation that would be contrary to the letter and spirit of the Court's April 2009 order if permitted to persist, in that the parties actually *have cross-produced* several categories of documents and other materials from *other cases*, but *have not yet cross-produced* those same categories of materials from the *highly-related ITC investigation* involving both NVIDIA and Rambus and some of the same patents. Accordingly, Rambus submits that the Court should expressly order the parties to produce the categories of materials set forth in Rambus's proposed order.**

Consistent with the Court's direction in its correspondence of September 28th, Rambus presents its proposed scheduling and case management order in the form of amendments to the Court's April 13, 2009 Order Re: Discovery and Denying Defendant's Motion for Stay (Dkt. No. 120). For the Court's convenience in comparing the parties' proposals, **Exhibit A-1** hereto includes both Rambus's and NVIDIA's proposals, grouped by topic, with checkboxes for each provision. Rambus's proposed order alone, without NVIDIA's proposed provisions, is attached hereto as **Exhibit A-2**.

As indicated by the redline comparison (**Exhibit A-3** hereto) of Rambus's proposed order to the Court's April 13, 2009 Order, Rambus's proposal revises various dates, specifies materials

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

to be produced from the ITC action and provides a framework for addressing third party confidentiality in accordance with the September 2nd CMC.[1]

Rambus's proposed order narrows potential disputes between the parties, whereas NVIDIA's proposal would needlessly delay resolution of issues, potentially complicating the parties' efforts to complete phase 1 discovery by the December 17th deadline. NVIDIA argues that there are "complicated issues" to be addressed, but offers no explanation for its new objection to cross-production of non-privileged, non-protected materials from the ITC case. The Commission finding a violation by NVIDIA is not a reason for NVIDIA now to object to cross-production from that case. Further, if any additional issues remain, that still is no reason to delay resolution of threshold issues that will facilitate completing phase 1 discovery by the December 17th deadline. NVIDIA's vague contention that "Rambus has not produced documents" is unexplained and ignores Rambus's voluminous production of materials pursuant to the parties' stipulations. And to the extent NVIDIA seeks additional documents or other materials from Rambus, NVIDIA does not explain how that is inconsistent with Rambus's proposal for cross-production by both parties.

NVIDIA's professed understanding that the parties should limit their submissions to merely setting dates as may be accomplished with a minute order is unfounded. The Court expressly indicated at the CMC that the parties could bring matters to the Court's attention if a party felt the other party was creating obstacles to orderly phase 1 discovery. The provisions of Rambus's proposed order are addressed in turn below:

***Identification of particular ITC materials to be produced***: The April 13, 2009 Order provided in part that "[b]y May 1, 2009, the parties shall produce to each other all documents and other materials produced in the ITC proceeding." Rambus's proposed order repeats the

---

[1] As noted in Rambus's portion of the parties' joint filing of September 8th (Dkt. No. 151), at the September 2nd CMC, the parties worked from Rambus's proposed order of September 1st (Dkt. No. 149). Rambus then amended its September 1st proposal to reflect the Court's determinations at the CMC: (1) that damages discovery would not commence yet; (2) that the initial phase of discovery would be completed by December 17th; and (3) that a further CMC would be held on January 28, 2011. (*See* Dkt. No. 151, Exh. A-1.) Those determinations are also reflected in Rambus's current proposal.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

language of the April 13, 2009 Order and, to avoid further disagreement, specifies precisely which materials from the ITC action are to be produced. Though the parties have already exchanged a large body of documents from the ITC case and NVIDIA previously expressed willingness to produce additional types of ITC materials, NVIDIA now refuses to agree to identify those materials in a proposed order. Just because the Commission ultimately ruled against NVIDIA in the ITC case is not grounds for NVIDIA to suddenly begin opposing cross production of additional materials from that case. Materials from the ITC action are expected to be more useful than those from other relevant cases, given that the ITC action involves both Rambus and NVIDIA, and in light of the overlap of patents and accused products. Yet NVIDIA has refused to agree to produce from the ITC case the same types of materials the parties previously agreed to produce from other cases, such as expert reports, deposition transcripts and interrogatory responses. NVIDIA has failed to advance any justification for withholding production of entire categories of ITC materials that the parties agreed to produce from other, potentially less relevant cases.

There simply is no reason *not* to include specific categories of ITC materials in the case management order. Identifying those materials now will only benefit these cases, providing clarity and certainty, and avoiding the need to later resolve disputes that might otherwise arise, with no countervailing detriment or prejudice. Moreover, this provision was included in Rambus's proposed order of September 1st, from which the parties worked at the CMC, and the Court did not indicate at the CMC that this provision should be deleted.

***Privilege and work product***: Rambus produced certain materials in the ITC action and other cases in accordance with piercing orders that are not applicable here. Rambus maintains its claims of privilege and work product as to these and other materials, and proposes that the case management order here is explicit that production of materials is subject to resolution of any claims of privilege and work product. Rambus's proposal was included in Rambus's proposed order of September 1st, from which the parties worked at the CMC, and the Court did not indicate at the CMC that this provision should be deleted.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Rambus understands, however, that even if the Court does not adopt Rambus's language explicitly making production subject to resolution of any claim of privilege or work product, materials as to which Rambus claims privilege or work product need not be produced here unless NVIDIA moves to pierce privilege and work product, Rambus has an opportunity to fully brief any such issue and the Court issues a piercing order that explicitly requires the production of particular materials despite any claim of privilege or work product.

***Production of Materials from Other Relevant Cases***: Rambus's proposal repeats the language of the April 13, 2009 Order and makes explicit that production of materials is subject to resolution of any claims of privilege and work product.

***Third party confidentiality***: NVIDIA agrees that third party confidentiality issues will need to be addressed, but offers no order for doing so, preferring instead to delay resolution while the December 17th production deadline approaches. Rambus's proposed order includes a framework for addressing materials that may be subject to a claim of third party confidentiality. Such materials include, *inter alia*, documents produced under protective orders in the ITC action and other cases as well as documents provided by third parties under non-disclosure agreements. Under Rambus's proposal, third party materials could be produced here if notice letters are sent to the relevant third parties and the materials are designated "Highly Confidential - Attorneys Eyes Only" – the most restrictive designation under the protective order here, unless a third party submits to the Special Master a request for further protection.

These provisions were included in Rambus's proposed order of September 1st, from which the parties worked at the CMC, and the Court did not indicate at the CMC that these provisions should be deleted. Nor has NVIDIA offered any persuasive justification for removing these provisions, provisions that serve to narrow potential disputes between the parties.

If, however, the Court finds that the protective order in these cases provides sufficient protection for third party materials without the need for notifying third parties or setting out a procedure for them to seek further protection from the Special Master, the Court may prefer not to include Rambus's proposed provisions and instead order production of third party materials in accordance with the protective order here.

***Limitations on Discovery and Suspension of Patent Local Rules***: The parties' proposal repeats the language of the April 13, 2009 Order.

***Case Management Conference***: Rambus's proposed order reflects the parties' agreement and the Court's determination at the September 2nd CMC that the next CMC would be held on January 28, 2011. NVIDIA now proposes holding the CMC a week earlier on January 21st. Rambus is available on either date, but it is unknown whether the Court will be available on January 21st.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT A-1**

**(Proposed Order Identifying Both Rambus's and NVIDIA's Proposed Provisions)**

The Court ORDERS as follows:

**1. Production of ITC materials:**

*Rambus's proposal*:

☐ By **December 17, 2010** or any other date to which the parties agree, the parties shall produce to each other all documents and other materials produced in the ITC proceeding, including all discovery requests and responses (including documents and things, interrogatory responses, deposition transcripts including exhibits, responses to requests for admissions and expert disclosures and reports), filings (including motion papers, pre-hearing briefs, post-hearing briefs, exhibit lists, exhibits, orders and determinations) and hearing materials (including hearing transcripts and exhibits) from the ITC Action, subject to resolution of any claim of privilege, work product, third party confidentiality or other protection from disclosure.

*NVIDIA's proposal*:

☑ By **December 17, 2010**, the parties shall produce to each other all documents and other materials produced in the ITC proceeding.

**2. Production of materials from other relevant cases**

*Rambus's proposal*:

☐ By **December 17, 2010** or any other date to which the parties agree, the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation, subject to resolution of any claim of privilege, work product, third party confidentiality or other protection from disclosure. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

*NVIDIA's proposal*: By **December 17, 2010**, the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

**3. Third party confidentiality**

*Rambus's proposal*:

If a party sends a notification letter to a third party indicating that materials that may be confidential to that third party will be produced in this action, then materials that are confidential to a third party may be produced here if designated "Highly Confidential - Attorneys Eyes Only" under the protective order, unless the third party submits a request for a protective order to Special Master Infante within 21 days after a notification letter has been sent to the third party.

*NVIDIA's proposal*: none

**4. Limitations on discovery and suspension of Patent Local Rules**

*Rambus's and NVIDIA's proposal*:

During this initial phase, discovery will be limited to document production. No depositions or written discovery will take place, and the Patent Local Rules will also be suspended.

**5. Case Management Conference**

*Rambus's proposal*:

The Court will hold a case management conference on **January 28, 2011** at 3:00 p.m. The parties shall submit a joint case management conference statement by **January 21, 2011**.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

*NVIDIA's proposal*:

☐ The Court will hold a case management conference on **January 21, 2011**, at 3:00 p.m. The parties shall submit a joint case management conference statement by **January 14, 2011**.

**IT IS SO ORDERED.**

Dated: ______________, 2010

SUSAN ILLSTON
United States District Judge

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT A-2**

**(Rambus's Proposed Order)**

The Court ORDERS as follows:

1. By **December 17, 2010** or any other date to which the parties agree, the parties shall produce to each other all documents and other materials produced in the ITC proceeding, including all discovery requests and responses (including documents and things, interrogatory responses, deposition transcripts including exhibits, responses to requests for admissions and expert disclosures and reports), filings (including motion papers, pre-hearing briefs, post-hearing briefs, exhibit lists, exhibits, orders and determinations) and hearing materials (including hearing transcripts and exhibits) from the ITC Action, subject to resolution of any claim of privilege, work product, third party confidentiality or other protection from disclosure.

2. By **December 17, 2010** or any other date to which the parties agree, the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation, subject to resolution of any claim of privilege, work product, third party confidentiality or other protection from disclosure. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

3. If a party sends a notification letter to a third party indicating that materials that may be confidential to that third party will be produced in this action, then materials that are confidential to a third party may be produced here if designated "Highly Confidential - Attorneys Eyes Only" under the protective order, unless the third party submits a request for a protective order to Special Master Infante within 21 days after a notification letter has been sent to the third party.

4. During this initial phase, discovery will be limited to document production. No depositions or written discovery will take place, and the Patent Local Rules will also be suspended.

5. The Court will hold a case management conference on **January 28, 2011** at 3:00 pm. The parties shall submit a joint case management conference statement by **January 21, 2011**.

**IT IS SO ORDERED.**

Dated: _____________, 2010

______________________________
SUSAN ILLSTON
United States District Judge

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT A-3**

**(Comparison of Rambus's Proposal to April 13, 2009 Order)**

~~Accordingly, the~~The Court ORDERS as follows:

1. By ~~**May 1, 2009,**~~**December 17, 2010** or any other date to which the parties agree, the parties shall produce to each other all documents and other materials produced in the ITC proceeding, including all discovery requests and responses (including documents and things, interrogatory responses, deposition transcripts including exhibits, responses to requests for admissions and expert disclosures and reports), filings (including motion papers, pre-hearing briefs, post-hearing briefs, exhibit lists, exhibits, orders and determinations) and hearing materials (including hearing transcripts and exhibits) from the ITC Action, subject to resolution of any claim of privilege, third party confidentiality or other protection from disclosure.

2. By ~~**June 15, 2009,**~~**December 17, 2010** or any other date to which the parties agree, the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation, subject to resolution of any claim of privilege, third party confidentiality or other protection from disclosure. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

3. If a party sends a notification letter to a third party indicating that materials that may be confidential to that third party will be produced in this action, then materials that are confidential to a third party may be produced here if designated "Highly Confidential - Attorneys Eyes Only" under the protective order, unless the third party submits a request for a protective order to Special Master Infante within 21 days after a notification letter has been sent to the third party.

4. During this initial ~~four month~~ phase, discovery will be limited to document production. No depositions or written discovery will take place, and the Patent Local Rules will also be suspended.

4.5. The Court will hold a case management conference on ~~August 21, 2009~~January 28, 2011 at 3:00 pm. ~~Prior to that case management conference, the parties shall meet with the Special Master to discuss a plan for the next phase of discovery.~~ The parties shall submit a joint case management conference statement by ~~August 14, 2009.~~January 21, 2011.

**IT IS SO ORDERED.**

Dated: ~~April 13, 2009~~ ______________, 2010 ______________________________

SUSAN ILLSTON
United States District Judge

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT B**

**(NVIDIA's Position)**

At the September 2, 2010 case management conference, the Court instructed the parties to submit a scheduling order that completes Phase 1 discovery by December 17, 2010. (Docket No. 152.) NVIDIA's proposed scheduling order reflects the Court's instructions. NVIDIA has objected to Rambus's proposed Order because it shoehorns into the order new provisions to which NVIDIA objects.

Rambus argues that its earlier proposed order was discussed at the case management conference, but NVIDIA's counsel raised objections to several aspects of the proposed order. The Court did not adopt Rambus' proposed order. Instead, the Court reviewed the numbered paragraphs of its April 13, 2009 Order establishing deadlines for Phase 1 discovery, and indicated that those paragraphs are what the Court wants the parties to complete by December 17, 2010. The Court did not ask the parties otherwise to amend its original scheduling order.

To be sure, certain issues should be addressed to complete Phase 1 discovery, primarily because Rambus has not produced documents and, as NVIDIA explained at the case management conference, also asked NVIDIA not to review produced documents. However, this order—which is supposed to set the new deadline—is neither the time nor the place to brief the parties' positions on those issues. These are complicated issues involving the transparency of Rambus' production (or non-production) of documents from other cases, the waiver or piercing of Rambus' attorney-client privilege, dealing with protective orders in other cases, complying with non-disclosure agreements, developing practicable third-party notice and objection procedures, and so on. The parties have conducted a number of meet and confers on these issues, most recently on October 1. Rambus should not be allowed to short circuit that process and gain a tactical advantage through the backdoor of having this scheduling order embrace its preferred resolution of these issues—none of which the Court asked for briefing on. Rather, these issues should be the subject of a meet and confer, and, if necessary, unresolved issues should be sent to Judge Infante. All that the Court asked for, and all that is needed now, is a simple order setting a new December 17, 2010 deadline to complete Phase 1 discovery, as

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

outlined in the April 13, 2009 Order. NVIDIA requests that the next case management conference be set for January 21, 2010, rather than January 28, 2010, due to scheduling conflicts.

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT B-1**

**(NVIDIA's Proposed Order)**

The Court ORDERS as follows:

1. By **December 17, 2010**, the parties shall produce to each other all documents and other materials produced in the ITC proceeding.

2. By **December 17, 2010**, the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

3. During this initial phase, discovery will be limited to document production. No depositions or written discovery will take place, and the Patent Local Rules will also be suspended.

4. The Court will hold a case management conference on **January 21, 2010** at 3:00 p.m. The parties shall submit a joint case management conference statement by **January 14, 2010**.

**IT IS SO ORDERED**

Dated:____________________

______________________________
Honorable Susan Illston
United States District Judge

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

**EXHIBIT B-2**

**(NVIDIA's Comparison of Its Proposed Order to the April 9, 2009 Order)**

The Court ORDERS as follows:

1. By ~~**May 1, 2009,**~~**December 17, 2010,** the parties shall produce to each other all documents and other materials produced in the ITC proceeding.

2. By ~~**June 15, 2009,**~~**December 17, 2010,** the parties shall produce to each other all discovery, trial testimony and exhibits from all other relevant previous and pending litigation. The parties shall meet and confer regarding what other litigation is relevant, and any disputes shall be presented to the Special Master.

3. During this initial phase, discovery will be limited to document production. No depositions or written discovery will take place, and the Patent Local Rules will also be suspended.

4. The Court will hold a case management conference on ~~**August**~~**January 21,** ~~**2009**~~**2010** at 3:00 p.m. ~~Prior to that case management conference, the parties shall meet with the Special Master to discuss a plan for the next phase of discovery.~~ The parties shall submit a joint case management conference statement by ~~**August**~~**January 14,** ~~**2009.**~~**2010.**

**IT IS SO ORDERED**

Dated:____________________

______________________________
Honorable Susan Illston
United States District Judge

McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201